UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARSON OPTICAL, INC., *et al.,*

                              Plaintiffs,                                    CV 11-3677 (SJF)(ARL)

      -against-

PRYM CONSUMER USA, INC., *et al.*,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is plaintiffs Carson Optical, Inc. and Leading Extreme Optimist Indus., Ltd. ("plaintiffs") motion to compel defendant Prym Consumer USA, Inc.'s (defendant") to comply with plaintiffs' discovery requests. Specifically, plaintiffs request that the undersigned (i) direct that defendant produce responsive documents to their requests for production and interrogatories that they served on defendant on March 28, 2012 within one week of the court's order; (2) deem defendant's claims of attorney-client and work-product privilege waived; (3) overrule defendant's overbreadth and burdensomeness objections; (4) direct that defendant respond to plaintiffs' contention interrogatories (Nos. 4 and 5) within one week of the court's order; and (5) require that defendant provide dates for two depositions noticed by plaintiffs. Defendant opposes the motion and cross moves to compel plaintiffs to (1) identify the precise amount of damages which plaintiffs are seeking for each category of damages; (2) provide an itemized breakdown of those amounts; and (3) produce all documents supporting their damage computations. Plaintiffs have not responded to defendant's cross motion. For the reasons set forth below, the plaintiffs' motion is granted in part and denied in part, and defendant's cross motion is granted.

      With respect to plaintiffs' requests for production, defendant represents that it anticipates making an initial document production within two weeks which will be supplemented as necessary. Thus, plaintiff's motion in this regard is moot. Plaintiffs' request that defendants' claims of privilege be deemed waived because defendant has not produced a privilege log or taken action to perfect its privilege claim is denied. Defendant has asserted its privilege in response to certain of plaintiffs' discovery requests and represents that once documents are produced, any document withheld from production based on privilege will be placed on a privilege log and produced to plaintiffs. *See* Local Civil Rule 26.2. The court will not consider plaintiffs' general requests that the court overrule defendant's overbreadth and burdensomeness objections. Counsel for plaintiffs may submit a letter application pursuant to Local Rule 37.3 that sets forth the specific requests and responses to those requests that he believes were inadequate, along with legal support for the motion.

      Plaintiffs' request that defendant respond to plaintiffs' contention interrogatories is denied as premature. Pursuant to Fed. R. Civ. P. 33(a), a court may postpone a response to contention interrogatories until discovery is closer to completion:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete or until a pre-trial conference or some other time.

Fed. R. Civ. P. 33(a)(2).  This Rule "protects the responding party from being hemmed into fixing [its] position without adequate information." *Roth v. Commonwealth*, No. CIV-79-36E, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988).  Here, Interrogatory No. 4 requests that defendant identify the pieces of prior art that you contend alone on [sic] in combination render any of the Patents invalid and particularly describe your contentions as to why each such piece of prior art alone or in combination renders any of the patents invalid; and Interrogatory No. 5 asks that for each of the Patents particularly describe the basis for your contention of non-infringement.  Considering that plaintiffs have not yet responded to defendant's discovery demands (and substantial discovery remains to be exchanged between the parties), the burden imposed on defendant in responding to these requests at this juncture outweighs the likelihood that useful information will be produced where defendant has not had discovery of plaintiffs' documents.  *See Protex Int'l Corp. v. Vanguard Products Group, Inc.*, No. CV 05-5355 (ADS)(ARL), 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006); *see E.E.O.C. v. Sterling Jewelers Inc.*, No. 08-CV-00706(A)(M), 2012 WL 1680811, at *7-8 (W.D.N.Y. May 14, 2012).  Finally, with respect to the scheduling of the two depositions, plaintiffs' counsel is directed to contact defense counsel to arrange a mutually convenient time to schedule the depositions.  *See* Local Civil Rule 26.4.

Defendant's cross motion to compel is granted.  Plaintiffs are directed to provide defendant with a computation of each category of damages and produce the documents or other evidentiary material on which each computation is based.  See Fed. R. Civ. P. 26(a)(1)(A)(iii).

Dated:  Central Islip, New York
        September 7, 2012

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge