UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARSON OPTICAL, INC., *et al.,*

                                Plaintiffs,                      **ORDER**
                                                                                          CV 11-3677 (SJF)(ARL)

         -against-

PRYM CONSUMER USA, INC., *et al.*,

                                Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Plaintiff Carson Optical, Inc. ("Carson Optical"), a New York corporation that markets and sells optical products, and plaintiff Leading Extreme Optimist Indus. Ltd, a Hong Kong company that manufactures optical products (collectively "plaintiffs"), commenced an action on July 29, 2011 against defendant Prym Consumer USA, Inc. ("Prym"), a manufacturer of magnification products, and commenced an action on January 6, 2012 against defendant Jo-Ann Stores, Inc., a retailer of Prym's products ("Jo-Ann Stores"), seeking to recover damages due to Prym and Jo-Ann Store's alleged patent infringement, trade dress infringement, unfair competition and tortious interference with prospective business relations in connection with four of plaintiff Carson Optical's design patents.[1]  By Order dated March 9, 2012, the district court consolidated the two actions.  By Order dated September 28, 2012, the undersigned granted Prym's request, on consent, to extend the deadline to commence motion practice for joinder of additional parties or amendment of pleadings to October 5, 2012.

       Defendant Prym now moves for an order granting Prym leave to amend its answer to assert (1) two additional affirmative defenses concerning plaintiff Carson's trade dress claim; and (2) six counterclaims.  (*Smirti Jr. Letter*, dated October 5, 2012.)  In particular, Prym seeks to assert counterclaims: (i) alleging false patent marking, under 35 U.S.C. § 292, with respect to Carson's ATTACH-A-MAG and RimFree products; (ii) alleging false advertising, in violation of 15 U.S.C. § 1125(a) and N.Y. General Business Law § 350; and (iii) seeking declarations of non-infringement and invalidity of the patents at issue in this action.  (*Id.*)  Plaintiff Carson does not oppose the motion as to the assertion of the additional affirmative defenses, however, Carson does oppose the proposed amendment to the answer to assert new counterclaims on the grounds that the proposed amendment is dilatory, unduly prejudicial, and the claims, in any event, are not plausible.  (*Cordani Jr. Letter*, dated October 9, 2012.)

       Amendment of an Answer containing counterclaims is governed by Federal Rule of Civil Procedure 15.  Fed. R. Civ. P. 15.  Rule 15 (a) allows a party to amend its pleadings by leave of court or by the written consent of the other party, and further directs that "the court should freely

---

[1] The patents at issue are U.S. Patent Nos. D495,726 S, D563,779 S, D508,063 S, and D613,437 S, which were issued by the United States Patent and Trademark Office.

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, leave to amend "should be freely given," in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . . [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "The Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the princple that the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Plaintiff Carson's assertion that the proposed amendment should be barred due to defendant Prym's delay in making this application is unavailing. "[M]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *EEOC v. Thomas Dodge Corp.,* 524 F. Supp. 2d 227, 331 (E.D.N.Y. 2007) (quoting *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981)). As a threshold matter, there is no evidence of undue delay. The application by defendant Prym to amend its answer was made on October 5, 2012, which was within the date to file such motions as set forth in the undersigned's Order, dated September 28, 2012. In assessing the likelihood of prejudice, the Court examines whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Dawson v. Pelican Management, Inc.*, 2012 WL 2357308, at *2 (E.D.N.Y. June 1, 2012). None of these factors are implicated by the instant motion.

Plaintiff does not assert any bad faith on the part of the defendant. Although the proposed amendment would require certain additional discovery, these concerns are mitigated by the fact that the proposed counterclaim for the alleged false patent marking, alleged false advertising, and declarations of non-infringement and invalidity concern the same patents at issue in this action to which plaintiff Carson is a party and involve the same events and transactions within which plaintiff was integrally involved. Defendant Prym also raised as affirmative defenses in its Answer the non-infringement and invalidity of the patents at issue. The Court, therefore, does not anticipate substantial additional discovery. *See Block,* 988 F.3d at 351-52 (allegations amendment will require the expenditure of additional time, effort and money do not constitute "undue prejudice"). Moreover, Carson's argument that Prym's amendment is prejudicial because "it begs further briefing on Prym's Motion for Judgment on the Pleadings, which has been fully briefed," is unpersuasive as the parties will be given leave to supplement their submissions to the pending motion upon an application to the undersigned with a proposed schedule for such submission.

Finally, plaintiff's claims that the proposed counterclaims lack plausibility and rely on a provision in the Manual of Patent Examining Procedure ("MPEP") which plaintiff claims does not "have the force of law," likewise fail. In its opposition letter, Carson states:

> Prym's new counterclaims allege that Carson falsely marked its magnifier

products with patent numbers that do not cover its products with an intent to deceive the public. Prym's position is best described in Prym's own words. Remarkably, Prym now believes that Carson's 'Patents disclose surfaces on the lens-shaped elements that are opaque.' Thus, Prym believes that Carson sought a design patent for a magnifier with a lens that no one can look through and then marked its magnifier products (with transparent lenses) with these patent numbers for the purported purpose of deceiving the public. Why would any reasonable person or magnifier manufacturer secure patent protection for a magnifier with a lens that does not transmit and refract light? Prym's claim is desperate and not plausible.

(*Cordani Jr. Letter*, dated October 9, 2012.) Plaintiff's arguments based on the reasonableness of the claims are issues that should properly be placed before the finder of fact and do not form the basis for denying defendant Prym's motion to amend its answer. Regardless of whether MPEP has the force of law, plaintiff's argument that Prym erroneously bases its claim on Section 1503.02, at Section II, of the MPEP which provides that "[o]blique line shading must be used to show transparent, translucent and highly polished or reflective surfaces, such as a mirror," is a consideration that properly belongs before the trier of fact. As plaintiff Carson states in its opposition, "the only legal standard for whether a design patent covers a particular product involves whether 'the eye of an ordinary observer, giving such attention as a purchaser usually gives' and familiar with the prior art would be deceived into thinking the accused design was the same as the patented design." (*Id*.)

Accordingly, defendant Prym's motion to amend its Answer to assert two additional affirmative defenses and six counterclaims is granted.

Dated:  Central Islip, New York           **SO ORDERED:**
        October 22, 2012

                                          _____/s/_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge