UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARSON OPTICAL, INC., *et al.,*

                    Plaintiffs,                      **ORDER**
                                                              CV 11-3677 (ARL)

           -against-

PRYM CONSUMER USA, INC., *et al*.,

                    Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is defendant Prym Consumer USA, Inc.'s ("Prym") letter motion dated May 9, 2013 to compel plaintiffs to: (1) produce insurance agreements, as required by Fed. R. Civ. P. 26, to Prym on or before May 17, 2013; (2) verify interrogatory responses, as required by Fed. R. Civ. P. 33(b), on or before May 17, 2013; (3) produce to Prym, with the exception of any privileged documents, all documents responsive to document request Nos. 2, 6, 7, 9,12, 14, 15, 16, 17, 18, 22, 23, and 24 contained in Prym's first set of document requests on or before May 17, 2013; (4) provide to Prym a privilege log for all documents which Carson has withheld from production on the basis of privilege on or before May 24, 2013; (5) provide to Prym, in writing, the search terms Carson utilized in responding to Prym's second set of document requests, including the locations and custodians who Carson searched using such terms; and (6) comply with the previous order of this Court dated September 7, 2012 [D.E. 32] requiring that Carson produce ". . . The documents or other evidentiary material on which each [damages] computation is based." Plaintiffs oppose the application by letter response dated May 13, 2013, arguing that (1) Prym's motion to compel is untimely because the fact discovery deadline has passed; (2) Prym failed to meet and confer in good faith with plaintiffs prior to seeking judicial intervention; and (3) Prym's discovery requests are either objectionable or moot.

      As a preliminary matter, Plaintiffs' position that fact discovery closed on April 5, 2013 is unavailing. On November 27, 2012, the parties sought to adjourn certain pretrial conference dates and to amend the Scheduling Order dated July 23, 2012. The parties proposed, *inter alia*, the following schedule:

A.     All fact discovery is to be completed by April 5, 2013.
B.     The parties shall designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 4, 2013 and rebuttal expert reports shall be provided to opposing counsel by May 31, 2013
C.     Depositions of any such experts will be completed by July 9, 2013. All discovery, inclusive of expert discovery, shall be completed by July 19, 2013.

      By Order dated November 29, 2012, the undersigned granted the parties' request to amend the Scheduling Order and extended the deadlines set forth in the July 23, 2012 Scheduling Order as follows:

The parties' joint request for an extension of the discovery deadlines is granted.
All discovery, inclusive of expert discovery, is to be completed by July 19, 2013.
Any party planning on making a dispositive motion shall take the first step in the
motion process by August 19, 2013. The final conference scheduled for January 3,
2013 is adjourned to September 13, 2013 at 2:00 p.m. The parties are directed to
electronically file a proposed joint pretrial order prior to the final conference.
Given the length of time provided, no further extensions will be granted absent
extraordinary circumstances.

Thus, the discovery deadline for both fact and expert discovery is July 18, 2013.  With respect to
the parties' proposed interim discovery deadlines, the undersigned does not micromanage
discovery and only establishes a discovery end date from which all discovery is to be completed.

Next, the correspondence between the parties indicates that the parties have not had an
opportunity to meet and confer to discuss the discovery issues.  *See* Local Rule 37.3.  By letter
dated April 26, 2013, Prym requested that plaintiffs provide a time to meet and confer in order to
resolve certain discovery issues and to schedule depositions.  Plaintiffs responded by letter dated
May 1, 2013 that fact discovery had expired on April 5, 2013 and the issues raised were
untimely.  By letter dated May 1, 2013, Prym stated it would "renew its effort to avoid
unnecessary judicial intervention and will allow Carson until close of business on Thursday May
2, 2013 to meet and confer with Prym to address the deficiencies outlined in Prym's April 26,
2013 letter."  By letter dated May 2, 2013, plaintiffs responded in pertinent part:

I am available anytime next week to discuss these issues by telephone.  I wrote my
previous letter believing that Prym had simply overlooked that fact discovery
ended weeks ago and that this misunderstanding could be cleared up immediately.
. . .  Again, please feel free to call me any time or to set up a conference call.  We
are always willing to discuss any of the issues raised in this case.

Instead of arranging a call, Prym filed the instant application.  According to plaintiffs, "[h]ad
Prym simply called, much controversy likely could have been avoided."  It appears that much of
the parties' concerns with respect to the discovery issues raised by Prym centered around the
deadline for fact discovery .  Given that the parties are now clear that the fact discovery deadline
has not yet expired and that the parties have not yet had the opportunity to meet and confer
concerning Prym's application, Prym's motion is denied with leave to renew.  The parties are
directed to arrange a mutually convenient time to meet and confer to address these issues
forthwith.

Dated:  Central Islip, New York        **SO ORDERED:**
      May 14, 2013


_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

2