UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARSON OPTICAL, INC., *et al.,*

                            Plaintiffs,                           **ORDER**
                                                                             CV 11-3677 (ARL)
       -against-

PRYM CONSUMER USA, INC., *et al.*,

                            Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is defendant Prym Consumer USA, Inc.'s ("Prym") letter motion dated August 8, 2013 to compel plaintiffs to: (1) produce originals of all pre-2005 purchase orders and invoices between Leading and Carson relating to the magnifiers at issue in this action including, but not limited to the RLA-90, the AL-90 and any an all other versions of these magnification devices; (2) produce originals of all pre-2005 purchase orders and invoices between Leading and Carson relating to the magnifiers at issue in this action including, but not limited to the magnifiers described as the "Rim-Free" and the "Attach A Mag" and any other versions of these magnification devices; (3) produce complete and accurate sales information for any individual or entity of all versions of any magnification device allegedly protected by the '063, '726 and '779 patents from 2011 to date; (4) produce all Carson and Leading catalogs prior to 2005 containing magnification devices; (5) engage a neutral electronic discovery vendor, approved by Prym, and allow such vendor access to all electronic systems maintained by Carson so that such vendor can search for all documents and communications between Leading and Carson regarding the magnification samples which were displayed in the "New for 2003" Carson catalog page; and (6) produce complete and accurate copies of all ledgers and other documents that reflect Carson's first purchase from Leading of any of the magnifiers as issue and Carson's first sale and offer for sale of any product which substantially embodies one or more of the patented designs. Plaintiffs oppose the application by letter response dated August 12, 2013.

      As a preliminary matter, by Order dated November 29, 2012, the undersigned granted the parties' request to amend the Scheduling Order and directed that all discovery, inclusive of expert discovery, is to be completed by July 19, 2013. The Order further advised the parties that given the length of time provided, no further extensions will be granted absent extraordinary circumstances. By Order dated July 12, 2013, this court extended the discovery deadline for the limited purpose of conducting the deposition of Bryan Yip on July 25 and 25, 2013. Defendant Prym's application is beyond the discovery cutoff date. Nonetheless, defendant Prym's motion to compel is denied as moot. Plaintiffs represented in their August 12, 2013 letter response that all the documents requested by Prym in its motion have been produced. With respect to Prym's request that plaintiffs retain a "neutral electronic discovery vendor" to search for documents and communications, including emails, relating to the samples displayed in Carson's 2003 catalog, plaintiffs represent that they performed a diligent search for such emails and none exist.

Dated:  Central Islip, New York          **SO ORDERED:**
       August 14, 2013


                                                      _____/s/_____
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge