**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

CARSON OPTICAL, INC. and
LEADING EXTREME OPTIMIST                    Civil Action No.:
INDUSTRIES, LTD.                            2:11-cv-03677

                    Plaintiffs,              Hon. Arlene R. Lindsay

      -against-                              **[PROPOSED]**
                                            **JOINT PRE-TRIAL ORDER**
PRYM CONSUMER USA, INC. and
JO-ANN STORES, INC.

               Defendants.

-------------------------------------------------------------------X

PRYM CONSUMER USA, INC.

           Counterclaim Plaintiff,

      -against-

CARSON OPTICAL, INC. and
LEADING EXTREME OPTIMIST
INDUSTRIES, LTD.

         Counterclaim Defendants.
-------------------------------------------------------------------X

      Pursuant to Your Honor's Individual Practice Rule 3(A), Plaintiffs/Counterclaim

Defendants Carson Optical, Inc. ("Carson") and Leading Extreme Optimist Industries, Ltd.

("Leading") (collectively "Plaintiffs"), and Defendant/Counterclaim Plaintiff Prym Consumer

USA, Inc. ("Prym") and Defendant Jo-Ann Stores, Inc. ("Jo-Ann") (collectively "Defendants")

respectfully submit the following proposed joint pre-trial order.

<u>CASE CAPTION</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CARSON OPTICAL, INC. and
LEADING EXTREME OPTIMIST                          Civil Action No.:
INDUSTRIES, LTD.                                  2:11-cv-03677

                           Plaintiffs,          Hon. Arlene R. Lindsay

       -against-

PRYM CONSUMER USA, INC. and
JO-ANN STORES, INC.

                      Defendants.

-------------------------------------------------------------------X

PRYM CONSUMER USA, INC.

                Counterclaim Plaintiff,

       -against-

CARSON OPTICAL, INC. and
LEADING EXTREME OPTIMIST
INDUSTRIES, LTD.

                Counterclaim Defendants.
-------------------------------------------------------------------X

<u>TRIAL COUNSEL</u>

| Plaintiffs | Prym | Jo-Ann |
|---|---|---|
| John R. Horvack, Jr. | Stephen J. Smirti, Jr. | Robert E. Chudakoff |
| John L. Cordani, Jr. | William M. Savino | Ulmer & Berne LLP |
| Brian Y. Boyd | Michael C. Cannata | 1660 West 2nd Street |
| Carmody & Torrance LLP | Rivkin Radler LLP | Suite 1100 |
| 195 Church St, P.O. Box 1950 | 926 RXR Plaza | Cleveland, OH 44113 |
| New Haven, CT 06509 | Uniondale, NY 11556 | Phone: 216-583-7000 |
| Phone: 203-777-5501 | Phone: 516-357-3000 | Fax: 216-583-7001 |
| Fax: 203-784-3199 | Fax: 516-357-3333 | |

## BASIS FOR SUBJECT MATTER JURISDICTION

*Statement by Plaintiffs:*

The Court has subject matter jurisdiction over the Plaintiffs' causes of action, which seek in excess of $1,000,000, pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and 15 U.S.C. § 1121.  The Court has subject matter jurisdiction over Prym's counterclaims, which seek in excess of $500,000, pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and 15 U.S.C. § 1121.

Carson is a corporation organized under the laws of the State of New York and having its principal place of business in Hauppauge, New York. Leading is a Chinese corporation with its principal place of business in Hong Kong.

*Statement by Defendants:*

The Court has subject matter jurisdiction over the Plaintiffs' causes of action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121.  The Court has subject matter jurisdiction over Prym's counterclaims, which seek in excess of $500,000, pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and 15 U.S.C. § 1121.

Prym is wholly owned by Prym Consumer Beteiligungs GmbH.  Prym is a corporation organized and existing under the laws of the State of South Carolina with a principal place of business is located in Spartanburg, South Carolina.  Jo-Ann is a corporation organized and existing under the laws of the State of Ohio with a principal place of business is located in Hudson, Ohio.

## SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

The below table summarizes the: (i) claims set forth in Plaintiffs' Second Amended Consolidated Complaint (D.E. 68); (ii) affirmative defenses and counterclaims set forth in Prym's Amended Answer, Affirmative Defenses, and Counterclaims to the Second Amended Complaint (D.E. 48); (iii) affirmative defenses set forth in Jo-Ann's Answer to Amended Complaint and Jury Demand (D.E. 13 in 12-cv-00072); and (iv) affirmative defenses set forth in Plaintiffs' Answer and Affirmative Defenses to Prym's Counterclaims (D.E. 53).

In light of the Defendants' pending partial motions to dismiss, Defendants have not answered Plaintiffs' Second Amended Consolidated Complaint.  *See Barbagallo v. Marcum LLP,* 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011) (Weinstein, J.) (holding that a partial motion to dismiss suspends the time to answer claims or counterclaims that are not subject to the motion). The Defendants' respective affirmative defenses and counterclaims outlined below are contained in the Defendants' most recent pleadings prior to the filing of Plaintiffs' Second Amended Consolidated Complaint (D.E. 68).

Subject to Defendants' pending partial motions to dismiss, and upcoming motions for summary judgment, the claims, counterclaims, and affirmative defenses that are highlighted below remain to be tried.  Defendants contend, however, that should the Court grant Defendants'

pending motions to dismiss, and Defendants' upcoming motions for summary judgment, the only issues which remain to be tried will be Prym's counterclaims and Plaintiffs' affirmative defenses thereto.

Plaintiff contends that the Court lacks subject matter jurisdiction over Prym's declaratory counts under the '437 Patent. If Prym answers the operative complaint to re-allege that counterclaim, the Plaintiffs will move to dismiss those counts.

| Plaintiffs' Second Amended Consolidated Complaint (D.E. 68) | | |
|---|---|---|
| Claim No. | Asserted Against | Summary of Plaintiffs' Claims |
| 1 | Prym and Jo-Ann | Infringement of U.S. Patent No. D495,726 (the "'726 Patent") (35 U.S.C. § 271(a)) |
| 2 | Prym | Inducement to infringe '726 Patent (35 U.S.C. § 271(b)) |
| 3 | Prym and Jo-Ann | Infringement of U.S. Patent No. D563,779 (the "'779 Patent") (35 U.S.C. § 271(a)) |
| 4 | Prym | Inducement to infringe '779 Patent (35 U.S.C. § 271(b)) |
| 5 | Prym and Jo-Ann | Infringement of U.S. Patent No. D508,063 (the "'063 Patent") (35 U.S.C. § 271(a)) |
| 6 | Prym | Inducement to infringe '063 Patent (35 U.S.C. § 271(b)) |
| 7 | Prym and Jo-Ann | Trade dress infringement of Sure Grip magnifier |
| 8 | Prym | Common law unfair competition |
| 9 | Jo-Ann | Common law unfair competition |
| 10 | Prym | Tortious interference with prospective business relations |
| Prym's Amended Answer, Affirmative Defenses, and Counterclaims to the Second Amended Complaint (D.E. 48) | | |
| Defense No. | Summary of Prym's Affirmative Defenses | |
| 1 | Non-infringement, or inducement to infringe, of the '726 Patent | |
| 2 | Non-infringement, or inducement to infringe, of the '779 Patent | |
| 3 | Non-infringement, or inducement to infringe, of the '063 Patent | |
| 4 | Non-infringement, or inducement to infringe, of the '437 Patent | |
| 5 | Invalidity of the '726 Patent (35 U.S.C. §§ 102, 103, and 112) | |
| 6 | Invalidity of the '779 Patent (35 U.S.C. §§ 102, 103, and 112) | |
| 7 | Invalidity of the '063 Patent (35 U.S.C. §§ 102, 103, and 112) | |
| 8 | Invalidity of the '437 Patent (35 U.S.C. §§ 102, 103, and 112) | |
| 9 | The Complaint fails to state a claim upon which relief can be granted | |
| 10 | Plaintiffs' failed to join necessary and indispensable parties to this action | |
| 11 | Plaintiffs lack standing to assert the claims for relief | |
| 12 | The Court lacks subject matter jurisdiction over the state law claims for relief | |
| 13 | Prym did not engage in willful infringement of any of the patents in suit | |
| 14 | Plaintiffs failed to give notice of the patents in suit (35 U.S.C. § 287) | |
| 15 | Plaintiffs failed to demonstrate the absence of a non-infringing substitute | |
| 16 | The Sure Grip magnifier has not acquired secondary meaning | |
| 17 | The Sure Grip magnifier is functional and not protectable trade dress | |
| 18 | None of Plaintiffs' products at issue are entitled to protectable trade dress | |

| Claim No. | Asserted Against | Summary of Prym's Counterclaims |
|---|---|---|
| 1 | Carson | False marking of the Attach-A-Mag magnifier with the '779 Patent and '063 Patent (35 U.S.C. § 292) |
| 2 | Carson | False marking of the Rim Free magnifier with the '726 Patent (35 U.S.C. § 292) |
| 3 | Carson | False advertising/unfair competition (15 U.S.C. § 1125(a)) |
| 4 | Carson | False advertising (NY General Business Law § 350) |
| 5 | Carson and Leading | Non-infringement of the '779 Patent, '063 Patent, '726 Patent, and '437 Patent |
| 6 | Carson and Leading | Invalidity of the '779 Patent, '063 Patent, '726 Patent, and '437 Patent (35 U.S.C. §§ 102, 103, 112, and 171) |

| Jo-Ann's Answer to Amended Complaint and Jury Demand (D.E. 13 in 12-cv-00072) | |
|---|---|
| Defense No. | Summary of Jo-Ann's Affirmative Defenses |
| 1 | The complaint fails to state a claim upon which relief can be granted |
| 2 | Non-infringement of the '063 Patent |
| 3 | Non-infringement of the '437 Patent |
| 4 | Non-infringement of the '726 Patent |
| 5 | Non-infringement of the '779 Patent |
| 6 | No willful infringement of the '063 Patent |
| 7 | No willful infringement of the '437 Patent |
| 8 | No willful infringement of the '726 Patent |
| 9 | No willful infringement of the '779 Patent |
| 10 | Invalidity of the '063 Patent (35 U.S.C. § 101, *et seq.*) |
| 11 | Invalidity of the '437 Patent (35 U.S.C. § 101, *et seq.*) |
| 12 | Invalidity of the '726 Patent (35 U.S.C. § 101, *et seq.*) |
| 13 | Invalidity of the '779 Patent (35 U.S.C. § 101, *et seq.*) |
| 14 | Plaintiffs' failed to join necessary and indispensable parties to this action |
| 15 | Plaintiffs lack standing to assert the claims for relief |
| 16 | The Sure Grip, Clip & Flip, and Attach-A-Mag magnifiers are not inherently distinctive and have not achieved secondary meaning |
| 17 | Plaintiffs failed to give notice of the patents in suit (35 U.S.C. § 287) |
| 18 | The Court lacks subject matter jurisdiction over the state law claims for relief |
| 19 | Failure to state a claim for tortious interference with prospective business relations |
| 20 | The complaint fails because it seeks unreasonable restraints of trade that would violate federal antitrust laws |
| 21 | Jo-Ann has not directly or indirectly infringed any valid, protectable trade dress of any of Plaintiffs' products |
| 22 | Jo-Ann has not willfully infringed any valid, protectable trade dress of any of Plaintiffs' products |
| 23 | The alleged trade dress is functional and not protectable trade dress |
| 24 | Jo-Ann's alleged use of the claimed trade dress is not likely to cause consumer confusion about the source, origin or sponsorship of Plaintiffs' products |
| 25 | The complaint is barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or acquiescence |
| 26 | The complaint is barred, in whole or in part, by the applicable statute of limitations |

| 27 | Plaintiffs' claim for punitive damages is barred by the Constitution of the United States, the Constitution of the State of New York, and the common law |
|----|----|
| 28 | Reservation to assert additional affirmative defenses |
| **Plaintiffs' Answer and Affirmative Defenses to Prym's Counterclaims (D.E. 53)** | |
| **Defense No.** | **Summary of Plaintiffs' Affirmative Defenses** |
| 1 | Prym's counterclaims are barred by the applicable statute of limitations |
| 2 | Prym's counterclaims are barred by the doctrines of laches and/or equitable estoppel |
| 3 | Prym does not have standing to assert its counterclaims |
| 4 | Prym has waived the rights asserted in its counterclaims |

## MANNER AND LENGTH OF TRIAL

The parties request a trial by jury on all claims, defenses, and counterclaims. The parties anticipate that approximately fifteen (15) trial days will be needed to conclude the entirety of the trial.

## AGREED STATEMENTS OF FACT OR LAW

Attached hereto as Exhibit "A" is a copy of the Statement Of Facts That Defendants Claim Are Undisputed.

**Plaintiffs' Objection:** Plaintiffs objects to the statement filed by the Defendants because the Plaintiffs have not agreed to these facts being submitted herewith. The Defendants sent their list of facts to the Plaintiffs in an untimely manner after the date agreed upon by the parties for exchanges requiring objections or collaboration. The Defendants' list was first sent at 10:10PM the night before this submission was due to the Court. The Plaintiffs were not given sufficient time to determine whether all of the facts listed were actually admitted by the Plaintiffs in the various pleadings cited by the Defendants.

**Defendants' Exception:** Defendants take exception to Plaintiffs refusal to stipulate to certain basic facts which Plaintiffs previously admitted in response to Defendants' Rule 56.1 Statements, discovery requests, and pleadings. Defendants' draft pre-trial order sent to Plaintiffs on September 11, 2013 plainly indicated on its face that Defendants contemplated the submission of an agreed statement of facts. In addition, each fact contained in Defendants' Statement of Undisputed Facts contains a citation to the document containing Plaintiffs' corresponding admission. Finally, Defendants not only offered Plaintiffs the opportunity to review this statement for accuracy prior to filing, but also offered Plaintiffs the opportunity to include any additional facts which Plaintiffs deemed relevant. Plaintiffs instead chose to simply object.

## IDENTIFICATION OF WITNESSES

### *Plaintiffs' Witness Identification*

**Richard Cameron**:  c/o Carson Optical, Inc., 35 Gilpin Ave., Hauppauge, NY 11788.

 Mr. Cameron is Carson's CEO.  Mr. Cameron is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to the invention of Carson's relationship with Leading, Jo-Ann, and Prym, Carson's business and finances, including the factual basis for Carson's damages claims, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the marking of Carson's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Bryan Yip**:  c/o Leading Extreme Optimist Industries, Ltd, Flat G 10/F, Sunview Bldg., 3 On    Yip St., Chai Wan, Hong Kong.

 Mr. Yip is a director of Leading.  Mr. Yip is expected to testify, testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to the invention of the designs in the patents at issue, Leading's relationship with Carson, Jo-Ann, and Prym, Leading's business and finances, including the factual basis for Leading's damages claims, Leading's products, including their design, trade dress, and marketing, the marking of Leading's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Gin Fai Yip**:  c/o Leading Extreme Optimist Industries, Ltd, Flat G 10/F, Sunview Bldg., 3 On    Yip St., Chai Wan, Hong Kong.

 Mr. Yip is a director of Leading.  Mr. Yip is expected to testify, testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to the invention of the designs in the patents at issue, Leading's relationship with Carson, Jo-Ann, and Prym, Leading's products, including their design, trade dress, and marketing, the marking of Leading's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Eric Cates**:  5144 Oakhurst Lane, Frisco, TX 75034.

 Mr. Cates is an employee of Carson.  Mr. Cameron is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Carson's relationship with Leading, Jo-Ann, and Prym, Carson's products, including their design, trade dress, and marketing, the marking of Carson's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Ted Harrison**:  92-31 57th Ave., Elmhurst, NY 11373.

Mr. Harrison is an independent contractor for Carson.  Mr. Harrison is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Carson's relationship with Leading, Jo-Ann, and Prym, Carson's products, including their design, trade dress, and marketing, the marking of Carson's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Michelle Hyers**:  47 Ash Lane, Hicksville, NY 11801.

Ms. Hyers is an employee of Carson.  Ms. Hyers is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Carson's products, including their design, trade dress, and marketing, the marking of Carson's products, the Defendants' products and their infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Doug DelGuadio**:  c/o Carson Optical, Inc., 35 Gilpin Ave., Hauppauge, NY 11788.

Mr. DelGuadio is an employee of Carson.  Mr. DelGuadio is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Carson's relationship with Leading, Jo-Ann, and Prym, Carson's products, including their design, trade dress, and marketing, the marking of Carson's products, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.

**Joseph Scarpa**:  2234 Jackson Ave, Suite 203, Seaford, NY 11783.

Mr. Scarpa is a CPA, and is the Plaintiffs' damages expert.  Mr. Scarpa is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Plaintiffs' damages and the factual basis therefor as set out in his expert report.

**Steven Stringer**:  c/o Prym Consumer USA, Inc., 950 Brisack Rd., Spartanburg, SC 29303.

Mr. Stringer is Prym's sourcing director.  Mr. Stringer is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Prym's sourcing, design, marketing, and manufacture of Prym's magnifier products, the quality of Prym's products, Prym's relationship with Jo-Ann, Leading, and Carson, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.  Mr. Stringer is also expected to testify as to the issues discussed in the designations of his deposition, as set out in this pretrial order.

8

**Gwendolyn Edwards**:  c/o Prym Consumer USA, Inc., 950 Brisack Rd., Spartanburg, SC 29303.

Ms. Edwards is Prym's marketing manager.  Ms. Edwards is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Prym's sourcing, design, marketing, and manufacture of Prym's magnifier products, the quality of Prym's products, Prym's relationship with Jo-Ann, Leading, and Carson, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.  Ms. Edwards is also expected to testify as to the issues discussed in the designations of her deposition, as set out in this pretrial order.

**Paul Inskip**:  c/o Prym Consumer USA, Inc., 950 Brisack Rd., Spartanburg, SC 29303.

Mr. Inskip is Prym's vice president of sales and marketing.  Mr. Inskip is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Prym's sourcing, design, marketing, and manufacture of Prym's magnifier products, the quality of Prym's products, Prym's relationship with Jo-Ann, Leading, and Carson, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's.  Mr. Inskip is also expected to testify as to the issue discussed in the designations of his deposition, as set out in this pretrial order.

**Dale Rogers**:  c/o Jo-Ann Stores, Inc., 5555 Darrow Rd., Hudson, Ohio.

Mr. Rogers is Jo-Ann's divisional merchandise manager.  Mr. Rogers is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Jo-Ann's sourcing, design, and manufacture of Prym's magnifier products, the quality of Jo-Ann's magnifier products, Jo-Ann's relationship with Prym, Leading, and Carson, Jo-Ann's decisions regarding its vendors for magnifier products, Jo-Ann's spoliation of evidence, including Jo-Ann's reasonable anticipation of litigation and its litigation hold policy, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's. Mr. Rogers is also expected to testify as to the issues discussed in the designations of his deposition, as set out in this pretrial order.

**Jennifer Bolon**:  c/o Jo-Ann Stores, Inc., 5555 Darrow Rd., Hudson, Ohio.

Ms. Bolon is Jo-Ann's buyer of sewing construction and basic craft components.  Ms. Bolon is expected to testify *inter alia*, in support of Plaintiffs' claims and defenses, including but not limited to Jo-Ann's sourcing, design, and manufacture of Prym's magnifier products, the quality of Jo-Ann's magnifier products, Jo-Ann's relationship with Prym, Leading, and Carson, Jo-Ann's decisions regarding its vendors for magnifier products, Jo-Ann's spoliation

9

of evidence, including Jo-Ann's reasonable anticipation of litigation and its litigation hold policy, Jo-Ann's disclosure of confidential Carson information, Carson's products, including their design, trade dress, and marketing, the Defendants' infringement of Plaintiffs' intellectual property, and the Defendants' tortious and unfair destruction of Plaintiffs' relationship with Jo-Ann's. Ms. Bolon is also expected to testify as to the issues discussed in the designations of her deposition, as set out in this pretrial order.

### *Defendants' Witness Identification*

**Gwendolyn Edwards**: c/o Prym, 950 Brisack Road Spartanburg, SC 29303

Gwendolyn Edwards is Prym's Marketing Manager.  Ms. Edwards will testify that in January 2010, Jo-Ann requested that Prym develop a line of magnifiers to compete for Jo-Ann's magnification business and that she was responsible for designing Prym's competing magnifiers.

While designing Prym's magnifiers, Ms. Edwards had access to certain of Carson's magnifiers and reviewed Carson's magnifiers (and many others) not to copy them, but rather to become aware of the types of magnifiers currently available in the retail marketplace.  None of the Carson magnifiers that Ms. Edwards reviewed contained patent markings.

Prym did not want its magnifiers to resemble Carson's magnifiers, but instead wanted its magnifiers to be superior to Carson's magnifiers so that Prym could secure Jo-Ann's magnification business.

Finally, Ms. Edwards will testify that Prym competed for and obtained Jo-Ann's magnification business by operation of an open, competitive, retail marketplace.

**Stephen Stringer**: c/o Prym, 950 Brisack Road Spartanburg, SC 29303

Stephen Stringer is Prym's Sourcing Director.   Mr. Stringer will testify that he is the liaison between Prym and Prym's foreign magnifier manufacturer.  Prym never supplied its manufacturer with any Carson magnifiers to copy and that all of Prym's magnifiers were developed through the use of pre-existing molds.

It is and was Prym's policy to submit all marketplace specimens that contain patent markings to patent counsel for review and analysis.  None of the magnifiers that Prym placed in the market contained patent markings.

Mr. Stringer will testify that it is commonplace in the consumer products industry for a retailer to share sales history with a potential supplier for those items where the retailer is seeking to replace an existing supplier.

Finally, Mr. Stringer will testify that Prym competed for and obtained Jo-Ann's magnification business by operation of an open, competitive, retail marketplace.

**Paul Inskip**: c/o Prym, 950 Brisack Road Spartanburg, SC 29303

Paul Inskip is Prym's Vice President of Sales and Marketing.  Mr. Inskip served as Prym's corporate representative during the deposition phase of this matter and will testify that none of the Carson magnifiers which Prym reviewed contained patent markings.  Mr. Inskip will testify that it is Prym's policy not to copy patented items and that if there are any questions, Prym consults with its patent counsel.

Prym did not engage in any predatory conduct with respect to its pricing of its magnifiers.  A purchaser, such as Jo-Ann, has the discretion to disclose its purchase and sales information because that information belongs to that purchaser, and Prym does not expect that information regarding its sales to a purchaser, such as Jo-Ann, would necessarily be kept confidential because that information belongs to that purchaser.

Finally, Mr. Inskip will testify that Prym competed for and obtained Jo-Ann's magnification business by operation of an open, competitive, retail marketplace, and that Prym sustained competitive injury as a result of Carson's falsely marking its ATTACH-A-MAG and RimFree products.

**Robert Anders**: c/o A Design Consultancy, P.O. Box 609, Warwick, NY 10990

Robert Anders is Defendants' design patent expert.  Mr. Anders is a retired tenured Professor of Industrial Design at the Pratt Institute and has more than fifty (50) years of experience in the field of industrial design.  Mr. Anders has testified as an expert witness in several design patent matters including the recent *Apple v. Samsung* matter.

Mr. Anders will testify regarding the subjects outlined in his expert report and deposition, including the following matters: (1) that the three (3) patents at issue, U.S. Patent Nos. D508,063, D563,779, and D495,726, are invalid for a multitude of reasons, including, but not limited to, the ambiguous and inconsistent patent drawings, and the improper use, or non-use, of oblique line shading which must be used to show and describe a surface which is transparent, translucent, highly polished, or reflective like a mirror; and (2) Prym's magnifiers do not infringe any of the patents at issue.

Finally, with respect to Prym's counterclaims, Mr. Anders will testify that Carson's Rim Free magnifier and Attach-A-Mag magnifier are falsely marked with the above patent numbers.

> **Plaintiffs' Objection:** Plaintiffs will object to the expert testimony of Mr. Anders under *Daubert* and Fed. R. Evid. 702.  Furthermore, Plaintiffs will object to Mr. Anders' testimony under Fed. R. Evid. 403 as being unfairly prejudicial, confusing the issues, misleading the jury, and wasting time.

> **Defendants' Response:**  Defendants take exception to Plaintiffs' objection because the Court's rules regarding the preparation of this pre-trial order do not provide for objections to witness narratives.

**Robert Wallace**: c/o Wallace Church, Inc., 330 East 48th Street, New York, NY 10017

Robert Wallace is Defendants' trade dress expert witness.  Mr. Wallace is Managing Partner of Wallace Church, Inc., one of the nation's preeminent brand identity and strategy consultancies.  Mr. Wallace has over thirty (30) years of experience in developing unique, recognizable, consumer oriented brands.

Mr. Wallace will testify regarding the subjects outlined in his expert report, including that the elements of Carson's Sure Grip magnifier which are alleged by Carson to be protected trade dress are non-distinctive and functional.  Further, Mr. Wallace will testify that, due to the major differences in the products, there is no likelihood that any consumer would confuse Carson and Prym magnifiers as coming from the same brand or source.

> **Plaintiffs' Objection:** Plaintiffs will object to the expert testimony of Mr. Wallace under *Daubert* and Fed. R. Evid. 702. Furthermore, Plaintiffs will object to Mr. Wallace's testimony under Fed. R. Evid. 403 as being unfairly prejudicial, confusing the issues, misleading the jury, and wasting time.

> **Defendants' Response:**  Defendants take exception to Plaintiffs' objection because the Court's rules regarding the preparation of this pre-trial order do not provide for objections to witness narratives.

**Mark Warshavsky**: c/o Getty Marcus CPA, P.C., 20 Crossways Park N., Woodbury, NY 11797

Mark Warshavsky is Defendants' damages expert.  Mr. Warshavsky is the Partner-In-Charge of the Business Valuation & Litigation Services Group at Getty Marcus CPA, P.C. and has over thirty (30) years of experience in the field of forensic accounting, which encompasses, among other areas, analyzing lost profits and commercial damages claims.

Mr. Warshavsky will testify regarding the subjects outlined in his expert reports, including that Plaintiffs' damages claims, which are allegedly supported by a report prepared by Joseph Scarpa, are untenable because Plaintiffs' damages claims are based upon: (i) the deficient application of accounting methodologies; (ii) calculations which use incorrect financial information; (iii) unsupported, summary, financial information; and (iv) speculative assumptions. In addition, Mr. Warshavsky will testify that Carson obtained revenues on sales of its Rim Free and Attach-A-Mag magnifiers in excess of $500,000 from May 2011 to date.

> **Plaintiffs' Objection:** Plaintiffs will object to the expert testimony of Mr. Warshavsky under *Daubert* and Fed. R. Evid. 702. Furthermore, Plaintiffs will object to Mr. Warshavsky's testimony under Fed. R. Evid. 403 as being unfairly prejudicial, confusing the issues, misleading the jury, and wasting time.

> **Defendants' Response:**  Defendants take exception to Plaintiffs' objection because the Court's rules regarding the preparation of this pre-trial order do not provide for objections to witness narratives.

**Alvin Rogers, Jr.**: c/o Jo-Ann, 5555 Darrow Road, Hudson, OH 44236

Alvin Rogers, Jr. is currently Jo-Ann's Divisional Merchandise Manager.  Mr. Rogers served as Jo-Ann's corporate representative during the deposition phase of this matter.

Mr. Rogers will testify that Jo-Ann decided that it would discontinue its purchasing of magnification products from Carson and, instead, purchase such products from Prym.  Jo-Ann did not have any contractual or other obligation to retain Carson as a supplier; a master vendor contract between Jo-Ann and Carson did not reference or contain any quantity or duration provision.  In other words, the master vendor contract did not obligate Jo-Ann to purchase magnifiers from Carson or conduct any business with Carson.  Jo-Ann's decision to select Prym as Jo-Ann's supplier of magnification products was one that Jo-Ann was entitled to make, and did make, according to its business judgment and through operation of an open, competitive, retail marketplace.

During the 2010 magnification bid process, Jo-Ann spoke with many other magnification suppliers to solicit bids for Jo-Ann's magnification business.  As a result of the 2010 magnification review process, Jo-Ann decided to choose Prym as Jo-Ann's supplier for magnifiers because Prym had better pricing, distribution, and product assortment.  Had Jo-Ann not decided to choose Prym as Jo-Ann's supplier, Jo-Ann would have selected Mighty Bright - - not Carson - - because of Carson's limited product assortment, pricing issues, and packaging issues.
The sales information that was provided to Prym during the 2010 bid process: (i) was Jo-Ann's sales information; (ii) was not Carson's confidential information; and (iii) was provided so that Prym could have a general knowledge of the size of the business being discussed.

With respect to the 2011 bid process, Jo-Ann considered multiple suppliers and decided to select Mighty-Bright as the supplier for Jo-Ann's magnification business.  The instant litigation played no role in Jo-Ann's decision; Carson was given full consideration as to whether it was in Jo-Ann's best interests to select Carson as the supplier for magnification products.

Finally, Jo-Ann did not request or suggest that Prym copy or knock-off Carson's magnifiers.

**Jennifer Bolon**: c/o Jo-Ann, 5555 Darrow Road, Hudson, OH 44236

Jennifer Bolon is currently Jo-Ann's Buyer for sewing construction and basic craft components.

Ms. Bolon will testify that Jo-Ann's selection of Prym as Jo-Ann's magnification supplier was as a result of the operation of an open, competitive, retail marketplace.  Jo-Ann relocated Carson's magnifiers to a temporary location in Jo-Ann's stores, the "base deck," in early 2010.  This temporary relocation was made not as a result of Jo-Ann's decision to terminate Carson, but simply because changes to the Jo-Ann stores' shelving (the "planogram") for Jo-Ann's magnifier products were being made.

13

Further, Ms. Bolon will testify that Jo-Ann wanted competing suppliers of magnification products to offer features and functionality that were similar to the features and functionality of certain of the magnification products supplied by Carson.  Jo-Ann did not request or suggest that any competing supplier employ an overall appearance identical to that of any Carson product.

Ms. Bolon did not see patent markings on any of the packaging for Carson's magnifiers, or the magnifiers themselves.

Ms. Bolon will testify that it is not uncommon for Jo-Ann to entirely replace suppliers and that Jo-Ann decided to discontinue Carson as Jo-Ann's supplier of magnification products because: (i) Carson was unable to drop-ship its product; resulting in an increased cost to Jo-Ann; (ii) Carson could not provide a cohesive brand for magnification products; and (iii) of pricing issues.  Even if Jo-Ann had not selected Prym as Jo-Ann's magnification supplier in 2010, Jo-Ann would not have selected Carson, but rather would have selected Mighty Bright.  Jo-Ann provided Jo-Ann's sales information to Prym so that Prym was aware of the volume of Jo-Ann's magnification program.

Jo-Ann gave Carson the opportunity to re-secure Jo-Ann's magnification business in 2011, but Jo-Ann decided to select Mighty Bright as Jo-Ann supplier of magnification products.

Finally, Ms. Bolon will testify that Jo-Ann did not request or suggest that Prym copy or knock-off Carson's products, and that Prym never tried to pass off a Carson product as a Prym product.

## DESIGNATION OF DEPOSITION TESTIMONY

### *Plaintiffs' Deposition Designations*

| Deponent | Plaintiffs' Designations | Defendants' Objections |
|---|---|---|
| Steven Stringer/ Prym Consumer USA, Inc. | 1:4-10:19 | No objection |
| | 12:8-15 | No objection |
| | 14:15-25 | Objection – Outside the scope of witness' designation for 30(b)(6) notice |
| | 16:4-17:13 | Objection – Lack of foundation, calls for speculation (16:23-17:13) |
| | 17:25-18:13 | No objection |
| | 20:14-21:8 | Objection – Lack of foundation (20:19-21:8) |
| | 23:8-29:20 | Objection – Objection to the form of the question, vague, ambiguous, and compound (23:22-24:4)

Objection – Lack of foundation, calls for speculation (29:8-20) |

| | | |
|---|---|---|
| | 30:24-35:17 | Objection – Calls for speculation, calls for legal conclusion, witness not competent to testify concerning alleged illegality (32:21-33:11)<br><br>Objection – Relevance (31:5-20; 32:11-20; 33:12-35:17) |
| | 37:13-25 | Objection – Relevance |
| | 40:15-52:4 | Objection – Relevance (41:10-18)<br><br>Objection – Relevance; calls for speculation (41:19-25)<br><br>Objection – Relevance (42:2-22)<br><br>Objection – Calls for legal conclusion; Relevance (42:23-43:9)<br><br>Objection - Calls for legal conclusion; improper hypothetical; relevance (43:10-24)<br><br>Objection - Objection to the form of the question (44:9-13)<br><br>Objection - Relevance; Federal Rules of Evidence 403 and 407 (44:14-52:4) |
| | 59:10-61:19 | Objection - Relevance (59:10-60:11) |
| | 62:12-64:12 | Objection - Calls for speculation (63:15-64:12) |
| | 68:25-70:14 | Objection - Lack of foundation (68:25-69:20)<br><br>Objection - Lack of foundation; Objection to the form of the questions (70:5-14) |
| | 95:12-76:19 | Objection - Calls for speculation (76:10-16)<br><br>Objection - Lack of foundation (76:17-19) |
| | 79:18-81:23 | Objection - Objection to the form of the question, vague and ambiguous; lack of foundation; relevance (81:9-23) |

| | | |
|---|---|---|
| | 83:5-85:25 | Objection – Relevance (83:5-85:25)<br><br>Objection - Lack of foundation; calls for speculation (83:11-14)<br><br>Objection – Objection to the form of the question (83:15-24)<br><br>Objection - Objection to the form of the question (84:22-85:17)<br><br>Objection - Objection to the form of the question; lack of foundation 85:21-25) |
| | 93:5-102:13 | Objection - Relevance; lack of foundation (94:24-95-9)<br><br>Objection - Lack of foundation; objection to the form of the question; calls for speculation (95:18-96:5)<br><br>Objection - Improper opinion testimony under FRE 701; relevance; lack of foundation; Outside the scope of witness' designation for 30(b)(6) notice (96:10-97:7)<br><br>Objection - Relevance; lack of foundation (97:8-100:9)<br><br>Objection - Objection to the form of the question; argumentative (101:8-15)<br><br>Objection - Lack of foundation (102:8-13) |
| | 103:3-104:6 | No objection |
| | 108:1-109:21 | Objection - Objection to the form of the question (108:17-22)<br><br>Objection - Objection to the form of the question (108:9-16)<br><br>Objection - Lack of foundation; calls for speculation; Outside the scope of witness' designation for 30(b)(6) notice (108:23-109:21) |
| | 111:17-112:20 | No objection |
| | 113:10-114:24 | Objection - Objection to the form; lack of foundation (114:19-24) |

| | | |
|---|---|---|
| | 116:4-118:11 | Objection - Lack of foundation; calls for speculation; outside the scope of 30(b)(6) notice  (116:22-117:13)<br><br>Objection - Relevance (117:14-118:11)<br><br>Objection - Lack of foundation; calls for speculation (117:22-118:11) |
| | 120:22-121:23 | Objection - Lack of foundation; relevance; Outside the scope of witness' designation for 30(b)(6) notice (120:22-121:23) |
| | 122:19-125:17 | Objection - Relevance (123:11-125:17)<br><br>Objection - Lack of foundation; calls for speculation (125:13-17) |
| | 127:7-129:7 | Objection - Lack of foundation (127:19-25)<br><br>Objection - Lack of foundation; mischaracterization of previous testimony (128:9-129:7) |
| | 132:13-133:2 | Objection - Lack of foundation; outside of the scope of the 30(b)(6) deposition notice; relevance<br>(under FRE 106, Defendants cross-designate 133:3-10) |
| | 133:15-134:24 | Objection - Relevance (133:15-134:24)<br><br>Objection - Object to the form of the question (134:19-24) |
| | 135:22-136:8 | No objection |
| | 140:14-143:2 | Objection – Relevance (140:14-143:2)<br><br>Objection – Lack of foundation; Improper opinion testimony under FRE 701 (140:14-25) |
| | 144:8-22 | No objection |
| | 145:13-147:23 | No objection |
| | 148:22-149:11 | Objection - Relevance (148:22-149:11) |
| | 150:9-151:19 | Objection - Relevance (150:9-151:19)<br><br>Objection - Lack of foundation (151:14-19) |
| | 152:8-156:15 | Objection - Relevance (152:8-156:15)<br><br>Objection - Lack of foundation (153:22-154:16)<br><br>Objection - Outside the scope of witness' designation for 30(b)(6) notice (156:6-15) |

| | | |
|---|---|---|
| | 156:18-169:14 | Objection - Lack of foundation (157:13-20)<br><br>Objection - Lack of foundation (157:21-158:17)<br><br>Objection - Lack of foundation; relevance (158:18-161:19)<br><br>Objection - Outside the scope of witness' designation for 30(b)(6) notice; Improper opinion testimony under FRE 701 (163:20-164:4)<br><br>Objection - Lack of foundation; calls for speculation (165:12-18)<br><br>Objection - Lack of foundation; calls for speculation; outside the scope of witness' designation for 30(b)(6) notice; Improper opinion testimony under FRE 701 (169:4-14) |
| | 169:17-176:22 | Objection - Lack of foundation; calls for speculation; outside the scope of witness' designation for 30(b)(6) notice; Improper opinion testimony under FRE 701 (171:22-172:19) |
| | 177:7-21 | Objection - outside the scope of witness' designation for 30(b)(6) notice (177:7-21) |
| | 181:10-187:16 | Objection - Lack of foundation; calls for speculation; outside the scope of witness' designation for 30(b)(6) notice; Improper opinion testimony under FRE 701 (186:11-20)<br><br>Objection - Relevance (187:6-16) |
| | 188:8-195:14 | Objection - Relevance (188:8-189:15)<br><br>Objection - hearsay to the extent this is offered for the truth of the matter asserted therein (190:14-191:3)<br><br>Objection - hearsay to the extent this is offered for the truth of the matter asserted therein (191:13-15)<br><br>Objection - Relevance (192:16-195:14) |
| | 196:9 -199:16 | Objection - Relevance (196:9-199:16)<br><br>Objection – Hearsay to the extent offered for the truth of the statement (199:6-11)<br><br>Objection - Lack of foundation; calls for speculation (199:12-16) |

| | | |
|---|---|---|
| | 200:5-212:10 | Objection - Relevance; Hearsay (200:5-206:7)<br><br>Objection - Hearsay (206:6-207:2)<br><br>Objection - Lack of foundation; calls for speculation; relevance (207:3-209:14)<br><br>Objection - relevance (210:6-212:10)<br><br>Objection - Calls for speculation (210:6-13)<br><br>Objection - Calls for speculation (211:23-212:7) |
| | 214:3-228:11 | Objection - Object to the form of the question; lack of foundation (215:14-22)<br><br>Objection - Relevance (215:23-217:3)<br><br>Objection - Calls for speculation (216:19-217:3)<br><br>Objection - Relevance (217:4-220:2)<br><br>Objection - Lack of foundation; calls for speculation (220:3-221:2)<br><br>Objection - Lack of foundation; relevance; hearsay (221:3-223:25)<br><br>Objection - Hearsay; relevance (225:5-13)<br><br>Objection - Lack of foundation; calls for speculation (226:14-22)<br><br>Objection - Lack of foundation; relevance (227:12-24)<br><br>Objection - Hearsay; relevance (227:25-228:11) |
| | 232:5-236:12 | Objection - Lack of foundation; calls for speculation; relevance (232:9-17)<br><br>Objection - Lack of foundation; calls for speculation; relevance (232:18-234:4)<br><br>Objection - Lack of foundation; speculation; relevance; hearsay (234:5-235:25)<br><br>(under FRE 106, Defendants cross-designate 236:13-19) |

| | | |
|---|---|---|
| | 236:20-238:7 | Objection - relevance (236:20-237:6)<br><br>Objection - outside the scope of witness' designation for 30(b)(6) notice (237:7-238-7)<br><br>Objection - Hearsay (237:22-25) |
| | 238:14-17 | No objection |
| | 239:2-240:24 | Objection - Objection to form; relevance (239:2-15)<br><br>Objection - Relevance (239:16-240:24) |
| | 241:6-245:25 | Objection - Relevance (241:6-245:25)<br><br>Objection - Improper opinion testimony under FRE 701 (244:18-245:25) |
| | 248:13-255:17 | Objection - Relevance (248:13-255:17)<br><br>Objection - Hearsay (250:11-15)<br><br>Objection - Hearsay (251:5-14)<br><br>Objection - FRE 403 and 407 (255:10-17) |
| | 256:9-260:23 | No objection |
| | 261:2-262:17 | Objection – Relevance (261:2-262:17)<br><br>Objection - Lack of foundation (262:13-17) |
| | 263:14-266:15 | Objection – Relevance (263:14-266:15)<br><br>Objection - Lack of foundation; calls for speculation (263:14-264:15)<br><br>Objection - Objection to the form of the question; incomplete hypothetical (264:5-15)<br>Objection - Lack of foundation; calls for speculation; Improper opinion testimony under FRE 701 (264:16-266:15) |
| | 268:7-269:15 | No objection |
| | 274:1-278:24 | Objection - Lack of foundation; calls for speculation; hearsay (274:20-275:11)<br><br>Objection - Lack of foundation; calls for speculation; relevance; Improper opinion testimony under FRE 701 (275:12-278:24)<br><br>(under FRE 106, Defendants cross-designate 273:25-274:1) |

| | | |
|---|---|---|
| | 279:1-289:2 | Objection - improper lay opinion testimony FRE 701; opinion on ultimate issue; lack of foundation; outside the scope of witness' designation for 30(b)(6) notice (279:1-289:2) |
| -------- | -------- | -------- |
| Gwendolyn Edwards | 5:4-13 | No objection |
| | 6:14-10:8 | Objection – Lack of foundation (6:14-24) |
| | 10:21-11:17 | Objection – Relevance (11:13-17) |
| | 12:15-21:3 | Objection – Lack of foundation; calls for speculation; relevance (13:5-12) |
| | 21:7-22:12 | Objection – Lack of foundation; calls for speculation (21:17-24) |
| | 23:23-26:17 | Objection – Lack of foundation; calls for speculation; relevance (23:23-26:17)<br><br>(under FRE 106, Defendants cross-designate 26:18-24) |
| | 28:13-36:15 | Objection – Relevance (29:10-36:15)<br><br>Objection – Lack of foundation; calls for speculation (29:21-30:7)<br><br>Objection - Lack of foundation (35:11-21)<br><br>Objection – Lack of foundation; calls for speculation (36:4-8)<br><br>(under FRE 106, Defendants cross-designate 27:15-28:7 and 36:16-21) |
| | 38:4-43:25 | Objection - Relevance (38:4-43:25)<br><br>Objection - FRE 403 and 408 (42:11-43:12) |
| | 45:4-49:11 | Objection - Relevance; FRE 403 and 408 (45:23-49:11)<br><br>Objection – Relevance; privilege (46:8-47:9) |
| | 49:15-50:15 | Objection - Relevance (49:15-50:15)<br><br>(under FRE 106, Defendants cross-designate 50:16-25) |
| | 52:3-19 | No objection |
| | 53:6-23 | Objection - Relevance (53:6-23) |
| | 55:13-60:4 | Objection - Relevance (55:13-60:4) |
| | 60:15-19 | No objection<br><br>(under FRE 106, Defendants cross-designate 60:20-61:4) |

| | | |
|---|---|---|
| | 61:5-62:3 | Objection - Relevance (61:17-62:3)<br><br>(under FRE 106, Defendants cross-designate 62:4-15 and 63:18-64:2) |
| | 64:3-65:22 | Objection - Relevance (64:21-65:15) |
| | 68:8 -70:25 | Objection - Relevance (68:8-70:25) |
| | 71:19-73:25 | Objection – Relevance; lack of foundation (71:19-73:25)<br><br>(under FRE 106, Defendants cross-designate 74:1-9) |
| | 74:16-81:13 | Objection - Relevance (74:16-81:13)<br><br>Objection - Lack of foundation (79:3-8)<br><br>Objection - Improper opinion testimony (81:9-13) |
| | 82:5-86:3 | Objection - Relevance (82:5-86:3)<br><br>Objection - Improper opinion testimony (85:21-86:3) |
| | 88:19-90:12 | Objection - Relevance (88:19-90:12) |
| | 91:15-104:5 | Objection - Relevance (91:15-104:5) |
| | 106:4-9 | No objection |
| | 109:8-17 | No objection |
| | 111:4-25 | Objection - Relevance (111:4-25)<br><br>(under FRE 106, Defendants cross-designate 112:8-11) |
| | 113:13-115:15 | Objection - Relevance (113:13-115:15)<br><br>Objection - Lack of foundation (114:6-13) |
| | 118:11-121:6 | No objection |
| | 123:3-125:5 | No objection<br><br>(under FRE 106, Defendants cross-designate 125:6-25) |
| | 135:25-141:3 | Objection - Objection to the form of the question (140:15-19) |
| | 143:4-144:15 | Objection - Relevance (143:4-144:15)<br><br>(under FRE 106, Defendants cross-designate 144:16-146:8) |
| | 146:20-147:24 | Objection – Relevance (146:20-147:24) |
| | 148:7-151:10 | Objection - Relevance (149:3-16) |
| | 152:8-159:12 | Objection - Objection to the form of the question; lack of foundation (153:3-10)<br><br>Objection - Objection to the form of the question; FRE 403; relevance (154:6-14)<br><br>Objection - Relevance (157:18-25) |
| | 159:17-165:11 | Objection – Relevance; FRE 403 (161:22-162:19) |

| | | |
|---|---|---|
| | 171:5-172:9 | Objection - Relevance (171:5-172:9)<br><br>(under FRE 106, Defendants cross-designate 172:10-19) |
| | 173:2-175:5 | Objection - Relevance; FRE 403 (173:16-174:23)<br><br>Objection - Relevance (174:24-175:5) |
| | 175:24-177:15 | Objection – Relevance; improper lay opinion testimony FRE 701 (175:24-177:15)<br><br>(under FRE 106, Defendants cross-designate 177:16-20) |
| | 178:9-182:15 | Objection - Relevance (180:4-182:15) |
| | 185:22-190:16 | Objection - Relevance; improper lay opinion testimony FRE 701 (185:22-190:16) |
| | 196:24-197:7 | No objection |
| | 201:8-25 | Objection - Relevance (201:8-25)<br><br>(under FRE 106, Defendants cross-designate 202:2-4) |
| | 206:11-207:6 | No objection |
| | 209:20-24 | No objection |
| | 211:12-214:2 | Objection - Relevance (211:12-214:2) |
| | 217:11-221:19 | Objection - Relevance; lack of foundation; calls for speculation (217:11-221:19)<br><br>Objection – Hearsay (221:7-20)<br><br>(under FRE 106, Defendants cross-designate 221:20-222:3) |
| | 223:18-224:10 | No objection |
| | 227:3-10 | No objection |
| | 228:7-229:2 | Objection - Relevance (228:7-229:2)<br><br>(under FRE 106, Defendants cross-designate 229:3-10) |
| | 230:17-231: 19 | Objection - Relevance (230:17-231:19) |
| | 254:21-255:17 | Objection - Relevance; calls for speculation; lack of foundation (254:21-255:17) |
| -------- | ---------- | --------- |
| Paul Inskip / Prym Consumer USA, Inc. | 4:25-9:7 | No objection |
| | 9:21-19:2 | Objection - Lack of foundation; calls for speculation (12:22-13:6)<br><br>Objection - Relevance (16:16-25)<br><br>Objection - relevance; ultimate issue; Improper opinion testimony under FRE 701  (17:6-19:2) |

| | | |
|---|---|---|
| | 20:4-21:11 | No objection<br><br>(under FRE 106, Defendants cross-designate 21:12-18) |
| | 25:4-22 | No objection |
| | 27:20-28:6 | No objection<br><br>(under FRE 106, Defendants cross-designate 28:7-20) |
| | 30:4-10 | Objection – Objection to the form of the question (30:4-10) |
| | 31:10-15 | No objection |
| | 34:9-36:4 | Objection - FRE 403 and 408; relevance (34:14-18)<br><br>Objection - FRE 403 and 408; relevance; outside the scope (34:25-36:4)<br><br>(under FRE 106, Defendants cross-designate 36:9-25) |
| | 40:14-41:4 | No objection |
| | 44:7-46:10 | No objection<br><br>(under FRE 106, Defendants cross-designate 43:7-22) |
| | 55:15-19 | No objection |
| | 57:14-58:22 | Objection - Lack of foundation; calls for speculation; relevance; Improper opinion testimony under FRE 701 (57:14-58:22) |
| | 65:18-24 | No objection |
| | 67:18-68:13 | Objection - Relevance (67:18-68:6)<br><br>Objection - Relevance; FRE 403 and 408 (68:7-13) |
| | 71:11-72:4 | No objection |
| | 73:18-76:20 | Objection - Relevance; FRE 403 and 408 (73:18-75:2) |
| | 77:9-79:12 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (77:9-79:12)<br><br>(under FRE 106, Defendants cross-designate 79:13-23) |
| | 79:24-80:15 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (79:24-80:15) |
| | 85:20-86:20 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (85:20-86:20) |
| | 86:21-88:22 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (86:21-88:22) |
| | 92:18-93:14 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (92:18-93:14) |
| | 94:6-16 | Objection - Relevance; Improper opinion testimony under FRE 701; ultimate issue (94:6-16) |
| | 98:6-100:2 | Objection - Lack of foundation; relevance; FRE 403 and 408 (98:19-99:6) |

| | 103:6-107:20 | No objection |
|---|---|---|
| | 112:7-11 | No objection |
| | 113:7-25 | Objection - Relevance (113:22-25) |
| | 115:5-13 | Objection - Relevance (115:5-13) |
| | 116:5-12 | Objection - Relevance (116:5-12)<br><br>(under FRE 106, Defendants cross-designate 116:13-24) |
| --------------- | ------------- | -------------- |
| Dale Rogers/<br>Jo-Ann Stores,<br>Inc. | 10:14-11:14 | No objection |
| | 12:25-13:5 | No objection |
| | 13:25-15:4 | No objection |
| | 16:20-23 | No objection |
| | 19:17-25 | Objection - Relevance |
| | 20:22-25:8 | No objection |
| | 25:11-27:24 | No objection |
| | 29:2-23 | No objection |
| | 31:24-32:7 | No objection |
| | 34:9-20 | No objection |
| | 37:7-11 | No objection |
| | 43:22 -44:1 | No objection |
| | 46:3-47:1 | No objection |
| | 47:10-48:5 | Objection – Lack of foundation (47:15-17) |
| | 49:1-50:6 | Objection – Lack of foundation; relevance; calls for speculation;  (49:1-50:6)<br><br>Objection - Improper opinion testimony under FRE 701; ultimate issue (49:3-16) |
| | 50:20-51:10 | Objection – Relevance (50:20-51:10) |
| | 52:9-16 | No objection |
| | 52:23-53:25 | Objection – Lack of foundation; calls for speculation (53:15-22) |
| | 54:23-56:11 | No objection |
| | 56:12-58:3 | Objection – Relevance (57:14-58:3)<br><br>Objection – Hearsay to the extent that this statement is offered for the truth of the matter asserted therein (57:22-58:3) |
| | 58:17-64:14 | No objection |
| | 65:9-66:7 | No objection |

25

| | | |
|---|---|---|
| | 66:19-71:14 | Objection – Relevance (66:19-71:14)<br><br>Objection – Objection to the form of the question (68:18-23)<br><br>Objection – Objection to the form of the question (69:8-70:3) |
| | 72:1-75:4 | Objection – Relevance (72:1-73:19)<br><br>Objection – Relevance (74:13-75:4) |
| | 76:10-77:19 | Objection – Relevance; attorney/client privilege; FRE 403 and 408  (76:10-77:19) |
| | 82:23-87:20 | Objection – Relevance; attorney/client privilege; FRE 403 and 408 (82:23-86:11)<br><br>Objection – Relevance; attorney/client privilege; FRE 403 and 408 (87:18-20) |
| | 88:7-15 | No objection |
| | 89:1-8 | Objection – Relevance (89:1-5) |
| | 89:22-93:1 | Objection – Relevance (89:22-93:1) |
| | 96:17-99:14 | Objection – Relevance (96:17-99:14) |
| | 101:5-12 | Objection – Relevance (101:5-12) |
| | 102:2-10 | Objection – Relevance (102:2-10) |
| | 102:23-105:13 | Objection – Relevance (102:23-105:13) |
| | 106:20-107:3 | Objection – Relevance (106:20-107:3) |
| | 108:15-18 | Objection – Lack of foundation; calls for speculation; relevance (108:15-18) |
| | 109:3-9 | Objection – Relevance (109:3-9) |
| | 110:20-112:2 | Objection – Lack of foundation; calls for speculation; relevance (111:14-112:2)<br><br>Objection - Objection to the form of the question (111:21-112:2)<br><br>Objection – Hearsay (111:21-112:2); Improper opinion testimony under FRE 701 (111:21-112:2)<br><br>(under FRE 106, Defendants cross-designate 112:3) |
| | 113:15-21 | Objection – Relevance; Improper opinion testimony under FRE 701; ultimate issue (113:15-21) |
| | 114:12-115:21 | No objection (answer ends on 115:22) |
| | 118:4-11 | Objection – Lack of foundation; calls for speculation; incomplete hypothetical; relevance (118:4-11) |
| | 119:9-16 | Objection – Lack of foundation (119:9-16) |
| | 125:1-127:14 | Objection – Relevance (125:1-127:14) |

| | | |
|---|---|---|
| | 129:5-131:19 | Objection – Relevance (129:5-131:19)<br><br>Objection - Lack of foundation; Improper opinion testimony under FRE 701 (129:22-131:13) |
| | 139:7-144:24 | No objection |
| | 145:10-149:2 | Objection – Relevance (145:10-149:2) |
| | 149:10-150:10 | No objection |
| | 151:18-156:4 | Objection – Relevance (151:18-153:5)<br><br>Objection – Relevance (153:23-156:4) |
| | 159:9-18 | No objection |
| | 162:22-163:2 | No objection |
| | 163:7-15 | No objection |
| | 164:2-17 | No objection |
| | 165:6-25 | No objection |
| | 166:13-18 | No objection |
| | 167:4-169:10 | No objection |
| | 170:3-19 | Objection – Lack of foundation; relevance (170:3-19) |
| | 171:2-176:18 | No objection |
| | 177:25-178:14 | Objection – Relevance (177:25-178:14) |
| | 179:14-180:18 | Objection – Relevance (179:14-180:18) |
| | 182:4-15 | No objection |
| | 184:1-21 | Objection – Relevance (184:1-21) |
| | 186:10-188:17 | Objection – Relevance (186:10-188:17) |
| | 189:10-190:10 | Objection – Relevance (189:10-190:10) |
| | 192:18-197:2 | No objection |
| | 198:13-200:21 | Objection – Relevance (198:13-200:21) |
| | 201:4-205:15 | Objection – Relevance (201:4-205:15) |
| | 205:25-206:24 | Objection – Relevance (205:25-206:24) |
| | 207:9-208:22 | Objection – Relevance (207:9-208:22) |
| | 209:3-210:5 | Objection – Relevance (209:3-210:5) |
| | 211:8-214:10 | No objection |
| | 214:15-218:23 | Objection – Relevance; FRE 403 and 408 (214:15-218:12)<br><br>Objection – Relevance (218:13-218:23) |
| | 221:20-222:18 | Objection – Relevance (221:20-222:18) |
| | 223:1-18 | Objection – Relevance; FRE 403 and 408 (223:1-18) |
| | 224:17-225:4 | Objection – Relevance (224:17-225:4) |
| | 226:13-228:20 | Objection – Relevance (226:13-228:20) |
| | 230:11-233:12 | Objection – Relevance (230:11-233:12) |
| | 234:18-235:16 | Objection – Relevance (234:18-235:16) |
| | 239:20-23 | Objection – Relevance (239:20-23) |
| | 244:5-21 | No objection |
| | 245:14-249:14 | Objection – Relevance (245:14-249:14) |
| | 249:18-24 | Objection – Relevance (249:18-24) |

|  | 250:12-251:8 | Objection – Relevance (250:12-251:8) |
|---|---|---|
|  | 251:25-253:21 | Objection – Relevance (251:25-253:21) |
|  | 254:8-255:7 | Objection – Relevance (254:8-255:7) |
|  | 260:9-21 | No objection |
|  | 265:20-270:7 | Objection – Defendants hereby incorporate by reference all prior objections to the testimony referenced by counsel for Plaintiffs in his questioning (265:20-266:14)<br><br>Objection – Relevance (268:20-269:25) |
| ------------- | ------------- | -------------------- |
| Jennifer Bolon | 11:7-15:10 | No objection |
|  | 16:11-17:2 | No objection |
|  | 18:18-25:22 | No objection |
|  | 27:15-28:10 | No objection |
|  | 29:3-13 | No objection |
|  | 31:7-32:21 | No objection |
|  | 34:8-18 | Objection – Lack of foundation; calls for speculation (34:12-18) |
|  | 35:19-36:2 | No objection |
|  | 43:5-15 | Objection – Relevance (43:5-11) |
|  | 44:3-45:5 | Objection – Relevance (44:3-45:5) |
|  | 57:5-17 | Objection – Relevance (57:5-17) |
|  | 57:24-58:1 | Objection – Relevance (57:24-58:1) |
|  | 58:8-15 | No objection |
|  | 60:23-67:23 | No objection |
|  | 70:20-78:21 | Objection – Relevance (70:20-78:21)<br><br>Objection – Lack of foundation; calls for speculation (74:9-14) |
|  | 80:4-81:5 | Objection – Relevance (80:4-81:5)<br><br>Objection – Lack of foundation; calls for speculation (80:15-21) |
|  | 83:13-88:4 | Objection – Relevance (83:13-88:4)<br><br>Objection – Lack of foundation; calls for speculation (85:7-86:8)<br><br>Objection – Lack of foundation; calls for speculation (87:1-88:4) |
|  | 92:19-96:11 | Objection – Relevance (92:19-96:11)<br><br>Objection – Hearsay (94:25-95:24) |
|  | 96:24-97:24 | Objection – Privilege; Relevance; FRE 403 and 408 (96:24-97:24) |

| | | |
|---|---|---|
| | 104:12-112:1 | Objection – Relevance; FRE 403 and 408 (104:12-112:1) <br><br> Objection – Privilege (106:22-108:5) |
| | 116:19-117:1 | No objection |
| | 117:8 -119:6 | Objection – Relevance (117:8-199:6) |
| | 122:4-123:7 | Objection – Relevance (122:4-123:7) |
| | 136:21-138:5 | Objection – Relevance (136:21-138:5) |
| | 140:24-143:5 | Objection – Relevance (140:24-143:5) <br><br> Objection – Lack of foundation; speculation (142:4-23) |
| | 145:17-22 | Objection – Relevance; lack of foundation; mischaracterizes testimony |
| | 149:1-10 | No objection |
| | 150:5-17 | Objection – Relevance (150:5-17) |
| | 152:14-153:12 | No objection |
| | 157:23-158:5 | Objection – Lack of foundation; relevance (157:23-158:5) |
| | 168:12-173:12 | Objection – Relevance (168:12-173:12) <br><br> Objection – Lack of foundation (168:12-169:2) |
| | 181:20-187:7 | Objection – Relevance (181:20-187:7) |
| | 191:8-192:22 | Objection – Relevance (191:8-192:22) |
| | 193:4-195:23 | Objection – Relevance (193:4-195:23) |
| | 198:25-201:24 | Objection – Relevance (198:25-201:24) |
| | 203:12-206:23 | No objection |

*Defendants' Deposition Designations*

| Deponent | Designation | Plaintiffs' Objections[1] |
|---|---|---|
| Richard Cameron | Day 1: | |
| | 9:9-18 | |
| | 30:2-24 | 30:16-24: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 49:7-23 | |
| | 50:4-52:8 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 53:4-54:12 | 53:7-54:12: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 57:5-58:6 | 57:17-24: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 68:17-69:22 | 69:3-6: attorney-client privilege, rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 101:3-104:7 | |
| | 106:12-110:7 | 108:14-25; 109:21-110:7 : rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 110:24-114:11 | |
| | 119:3-121:14 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); Rule 1002; Best Evidence Rule |
| | 131:20-132:16 | |
| | 137:2-145:20 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); Calls for Speculation; Calls for improper conclusions of law and/or legal opinions, Introduces confusing and irrelevant issue into the case |
| | 148:9-151:7 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); Calls for Speculation; Calls for improper conclusions of law and/or legal opinions, Introduces confusing and irrelevant issue into the case |

---

[1] **Plaintiffs' Statement:** The Plaintiffs incorporate by reference all objections to form, objections to questions outside the scope of noticed 30(b)(6) topics, or motions to strike reflected in the designated transcripts.

**Defendants' Statement:** The Defendants object to Plaintiffs incorporation by reference as outlined above on the grounds that it does not comply with the Court's rules regarding preparation of this pre-trial order.

| | | |
|---|---|---|
| | 151:14-153:8 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); Calls for Speculation; Calls for improper conclusions of law and/or legal opinions, Introduces confusing and irrelevant issue into the case |
| | 187:10-189:10 | 187:10 – 188:20: Calls for improper conclusions of law and/or legal opinion. Rule of Completeness: 189:11 – 190:14 should be admitted as well. |
| | 194:6-196:17 | Rule of Completeness: 196:18-20 should be admitted as well. |
| | 197:25-215:11 | 204:12-22: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>204:23-205:9: attorney client privilege; question was withdrawn.<br>206:9-207:9 : this portion of the transcript is not evidence and is inadmissible without a proper foundation being laid for the exhibit.<br>209:3-7: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>209:17-210:15 rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time), calls for a legal conclusion<br>211:13 – 212:7: rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time), calls for a legal conclusion, asked and answered<br>213:11 – 214:3: Attorney-client privilege |
| | 215:25-217:22 | 217:4-10: : rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 219:12-238:15 | 222:4-15: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>226:2-12: asked and answered; rule 403 (wasting time)<br>226:23 – 227:12: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 240:25-247:4 | 241:12-16, 242:8-19: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 256:14-257:6 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 259:4-22 | |
| | 260:6-261:8 | |
| | 262:7-25 | |

31

|  | 268:7-24 | Rule 402 (irrelevant); Rule 403 (Exhibits 34, 35 are not authentic for what they were represented to be) |
|  | 270:3-271:10 | Rule 402 (irrelevant); Rule 403 (Exhibits 34, 35 are not authentic for what they were represented to be); Rule of Completeness (if admissible): 271:11-22 should be admitted as well. |
|  | 272:2-273:7 | 272:20-273:7: No foundation; lack of personal knowledge. |
|  | 280:21-286:18 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time) |
|  | 288:2-16 | rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); Rule 104 (if admissible, 288:17-289:2 should be read as well). |
|  | 305:18-307:3 | Rule 104 (if admissible, 307:4-15 should be read as well). |
|  | 313:25-314:16 | Rule 104 (if admissible, 314:17-19 should be read as well). |
|  | 316:2-18 |  |
|  | 345:4-357:22 | 349:4-6: misrepresents the testimony 351:19 – 352:10: this portion of the transcript is not testimony 357:2-22: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time). |
|  | 370:18-372:14 |  |
|  | 377:16-378:9 |  |
|  | 381:25-382:11 | Rule 104 (if admissible, 383:6-385:2 should be read as well). |
|  | 385:17-387:4 | Rule 104 (if admissible, 383:6-385:2 should be read as well). |
|  | 387:23-388:20 |  |
|  | 390:2-394:9 |  |
|  | 414:23-421:2 | 416:21-25: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time). |
|  |  |  |
|  | **Day 2:** |  |
|  | 465:12-480:20 | Rule 104 (if admissible, 480:21-481:3 should be read as well). |
|  | 523:20-524:3 |  |
|  | 527:6-529:17 | 528:9-22 (Rule 602: no personal knowledge, speculation) |

| | | |
|---|---|---|
| | 532:15-534:23 | 532:23-534:23 (Rule 602: no personal knowledge, speculation) |
| | 541:7-544:22 | Rule 104 (if admissible, 383:6-385:2 should be read as well). |
| | 550:21-554:5 | |
| | 557:19-561:18 | Rule 104 (if admissible, 557:7-18 should be read as well). |
| | 564:6-567:2 | Objection to 565:22-567:2 (if admissible, the jury should be told that Carson employees were not allowed to view internal documents from the Defendants) |
| | 572:10-575:19 | Objection to 565:22-567:2 (if admissible, the jury should be told that Carson employees were not allowed to view internal documents from the Defendants) |
| | 592:2-15 | |
| | 599:6-21 | |
| | 605:16-606:23 | |
| | 606:25-608:3 | |
| | 612:7-19 | |
| | 621:16-628:15 | |
| | 634:10-637:16 | |
| | 643:8-16 | Rule 104 (if admissible, 641:20-25 should be read as well). |
| | 653:23-655:6 | |
| | 658:14-662:16 | Rule 104 (if admissible, 657:23-658:13 should be read as well). |
| | 667:2-5 | |
| | 667:6-670:8 | |
| | 672:14-22 | |
| | 672:23-674:7 | |
| | 676:20-684:19 | Objection (if admissible, the jury should be told that Carson employees were not allowed to view internal documents from the Defendants) |
| | 690:14-19 | |
| | 694:4-8 | |
| | 694:15-695:2 | |
| | 706:21-712:24 | |
| | 714:2-715:7 | |
| | 724:19-727:2 | |
| | 733:9-737:19 | |
| | 742:17-20 | |
| | 743:4-24 | |
| | 761:2-17 | |
| | 773:7-781:4 | |
| | 781:6-20 | |
| | 783:14-789:14 | |

| | | |
|---|---|---|
| | 809:9-811:3 | Rule 1002 (Best Evidence); Rule 802 (Hearsay); Rule 106 (no personal knowledge, speculation). |
| | | |
| **Bryan Yip** | **Day 1:** | |
| | 24:10-25:21 | |
| | 38:8-25 | |
| | 40:15-48:25 | |
| | 74:5-77:20 | 74:5-14: rule 402 (irrelevant), rule 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time).<br>74:14-77:20: Rule 1002 (Best Evidence – the document speaks for itself) |
| | 88:5-93:14 | 91:5-16: Rule 106 (no personal knowledge, speculation).<br>92:11-19: Rule 106 (no personal knowledge, speculation). |
| | 104:9-105:6 | |
| | 109:4-118:6 | 111:25-112:9: not testimony<br>112:13-22: not testimony<br>113:3-15: not testimony<br>117:16-20: not testimony<br>Objection to entire portion: Rule 403 (cumulative, waste of time in view of 135:18-23); Rule 401 (irrelevant) |
| | 120:25-124:15 | Rule 403 (cumulative, waste of time in view of 135:18-23); Rule 401 (irrelevant) |
| | 127:9-135:23 | 130:18-131:3: not testimony<br>131:4-132:25: argumentative; harassing the witness<br>133:13-134:5: not testimony<br>135:5-17: not testimony<br>Rule 403 (cumulative, waste of time in view of 135:18-23); Rule 401 (irrelevant) |
| | 155:12-165:25 | Entirety: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>156:17-157:18: attorney-client privilege; not testimony<br>162:17 – 164:12: attorney client privilege; not testimony |
| | 175:16-184:24 | 181:13-19: Rule 106 (no personal knowledge, speculation).<br>183:22-184:24: Rule 1002 (Best Evidence – the document speaks for itself) |
| | 200:16-212:3 | 200:16-210:13: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |

| | | |
|---|---|---|
| | 223:10-238:8 | Entirety: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>228:2-229:16: not testimony; harassing the witness<br>230:23-231:9: not testimony; harassing the witness; not allowing the witness to answer questions |
| | 241:15-248:17 | 246:4-247:4: asked and answered; argumentative; badgering the witness |
| | 256:9-272:9 | 259:7-175: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>266:8-14: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time)<br>267:19-268:5: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 278:17-282:13 | 278:17-25: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | | |
| | **Day 2:** | |
| | 93:17-22 | |
| | 97:22-98:12 | |
| | 107:4-19 | |
| | 141:11-142:15 | |
| | 143:12-149:19 | |
| | 158:15-160:20 | |
| | 170:9-172:22 | |
| | 187:23-190:23 | 190:6-15: not testimony |
| | 197:18-203:21 | Rule 106 (no personal knowledge, speculation, improper hypotheticals). |
| | 206:13-224:13 | |
| | 269:3-278:19 | |
| | 285:13-289:8 | Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | | |
| | | General Objection: Plaintiffs object to all portions of the Scarpa deposition as hearsay. |
| **Joseph Scarpa** | 15:22-16:7 | |
| | 42:24-44:9 | |
| | 46:6-21 | |
| | 47:6-13 | |
| | 59:14-25 | |
| | 62:19-63:10 | |

|  | 76:19-78:19 |  |
|--|-------------|--|
|  | 90:6-10 | Rule 104 (if admissible, 88:19 -90:4 should be read as well) |
|  | 95:18-98:15 | 96:7-19: not testimony |
|  | 99:11-100:20 |  |
|  | 113:14-114:21 |  |
|  | 117:11-133:11 | 131:24-132:10: Rule 106 (no personal knowledge, speculation) |
|  | 152:23-156:24 |  |
|  | 158:10-184:22 |  |
|  | 196:20-197:23 |  |
|  | 200:13-206:25 |  |
|  | 215:13-223:8 |  |
|  | 226:21-229:16 |  |
|  | 230:13-232:6 |  |
|  | 237:13-239:19 |  |
|  | 242:24-246:19 |  |
|  | 248:14-254:6 |  |
|  | 256:3-20 |  |
|  | 260:18-273:2 |  |
|  | 274:4-277:18 | 274:14-277:18: Rule 802 (hearsay); lack of foundation; speculation. |
|  | 282:8-288:13 |  |
|  | 290:5-291:8 |  |
|  | 296:16-300:17 |  |
|  | 303:22-311:14 |  |
|  | 316:15-319:12 |  |
|  | 323:13-326:8 |  |
|  | 327:18-331:3 |  |
|  | 331:9-333:7 |  |
|  | 334:18-335:16 |  |
|  | 336:24-337:16 | Rule 104 (if admissible, 337:28- 339:11 should be read as well) |
|  | 339:17-20 |  |
|  | 343:23-346:4 |  |
|  | 354:20-366:17 |  |
|  |  |  |
| **Scott Holland** | 15:8-16:20 |  |
|  | 23:14-24 | Rule 104 (if admissible, 23:25 should be read as well) |
|  | 24:24-26:6 |  |
|  | 30:25-31:11 |  |
|  | 32:9-33:10 |  |
|  | 35:21-38:7 |  |
|  | 39:11-40:4 |  |
|  | 40:21-43:6 |  |

| | | |
|---|---|---|
| | 46:6-8 | |
| | 50:17-53:17 | |
| | 62:18-63:12 | Rule 106 (no personal knowledge, speculation) |
| | 76:5-78:23 | |
| | 80:9-81:11 | Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 85:17-89:15 | 85:17-87:25: Rule 401 (irrelevant); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) |
| | 94:4-95:2 | |
| | 99:15-102:4 | 99:15-100:10: Rule 106 (no personal knowledge, speculation) |
| | 106:6-107:14 | |
| | 108:8-118:4 | 110:2-18: Rule 106 (no personal knowledge, speculation) 110:20-113:25 Rule 106 (no personal knowledge, speculation); Rule 1002 (Best Evidence Rule; the document speaks for itself); calls for improper opinions. 114:5-19 Rule 106 (no personal knowledge, speculation) 115:6 -116:21 Rule 106 (no personal knowledge, speculation); Rule 1002 (Best Evidence Rule; the document speaks for itself); calls for improper opinions. |
| | 119:15-123:6 | 119:15 -  122:13: Rule 106 (no personal knowledge, speculation); Rule 1002 (Best Evidence Rule; the document speaks for itself) |
| | 127:24-129:23 | 129:17-23: Rule 106 (no personal knowledge, speculation) |
| | 133:23-137:9 | 133:23-134:11: Rule 106 (no personal knowledge, speculation) 134:12 – 137:6 Rule 106 (no personal knowledge, speculation); Rule 1002 (Best Evidence Rule; the document speaks for itself); calls for improper opinions |
| | 144:18-149:24 | 146:22 -149:24 Rule 106 (no personal knowledge, speculation) |
| | 151:4-162:22 | 151:4-152:8: Rule 106 (no personal knowledge, speculation) 152:22-153:15 Rule 106 (no personal knowledge, speculation) 156:25 – 157:10: Rule 106 (no personal knowledge, speculation) 160:15 – 21: Rule 106 (no personal knowledge, speculation) |

| | | |
|---|---|---|
| | 163:8-166:11 | 166:4-11: Rule 106 (no personal knowledge, speculation) |
| | 167:24-169:17 | Rule 106 (no personal knowledge, speculation); Rule 802 (hearsay); lack of foundation; improper hypothetical |
| | 174:15-188:11 | 176:2-8: Rule 106 (no personal knowledge, speculation)<br>180:7-11: Rule 106 (no personal knowledge, speculation)<br>184:4-23: Rule 106 (no personal knowledge, speculation)<br>184:24-185:16: Rule 106 (no personal knowledge, speculation)<br>185:20-24: Rule 106 (no personal knowledge, speculation); Rule 1002 (Best Evidence Rule; the document speaks for itself)<br>188:3-11: Rule 106 (no personal knowledge, speculation) |
| | 188:23-189:25 | Rule 106 (no personal knowledge, speculation); Rule 802 (hearsay); lack of foundation; improper hypothetical |
| | 195:25-198:9 | 195:25-196:19 Rule 106 (no personal knowledge, speculation) |
| | 198:18-206:4 | 204:7 – 206:4: Rule 106 (no personal knowledge, speculation); no foundation; Rule 802 (hearsay); improper hypothetical |
| | 207:5-213:16 | 211:23- 212:11: Rule 106 (no personal knowledge, speculation) |
| | 218:8-219:12 | |
| | 227:16-229:9 | 228:18-229:9: Rule 106 (no personal knowledge, speculation) |
| | 240:10-242:13 | |
| | 243:18-247:3 | 234:21-24: Rule 106 (no personal knowledge, speculation); failed to allow witness to give complete answer<br>246:7-13: Rule 106 (no personal knowledge, speculation)<br>246:19-24 Rule 106 (no personal knowledge, speculation); calls for improper opinions; no foundation; misleading question |
| | | |
| **Eric Cates** | 47:20-49:18 | 48:4-49:18: Rule 802 (Hearsay) |
| | 57:18-58:11 | |
| | 64:4-23 | Rule 1002 (Best Evidence Rule) |

| | | |
|---|---|---|
| | 90:20-96:10 | 93:13-94:3: Rule 106 (no personal knowledge, speculation); Rule 403(unfair prejudice, confusing the issues, misleading the jury, wasting time) 95:19 – 96:10: Rule 106 (no personal knowledge, speculation); Rule 802 (Hearsay) |
| | 141:10-142:17 | |
| | 147:7-150:7 | |
| | 158:8-159:13 | 158:8-159:3 Rule 802 (Hearsay) 159:4-13: Rule 106 (no personal knowledge, speculation); improper hypothetical. |
| | 175:7-176:25 | Rule 802 (Hearsay); Rule 106 (no personal knowledge, speculation) |
| | 180:16-185:17 | 183:7-21: Rule 802 (Hearsay) 184:10-18: Rule 802 (Hearsay); Rule 106 (no personal knowledge, speculation) 184:19-185:17: Rule 104 (if admissible, 185:18-186:11 should be read as well) |
| | 217:24-219:16 | |
| | 221:6-224:6 | |
| | 225:18-227:12 | |
| | 228:3-229:11 | |
| | 230:8-231:2 | |
| | 234:8-15 | |
| | 240:14-241:20 | Rule 104 (if admissible, 237:12-240:13, 241:21-243:8 should be read as well) |
| | 256:4-17 | |
| | 257:20-259:10 | |
| | 263:4-11 | Rule 104 (if admissible, 262:19-263:3 should be read as well) |
| | 263:24-264:6 | |
| | 266:13-269:22 | |
| | 283:9-291:10 | 283:9-286:20 Rule 802 (Hearsay); Rule 106 (no personal knowledge, speculation) 287:10-17 Rule 802 (Hearsay); Rule 106 (no personal knowledge, speculation) 290:4-10 Rule 106 (no personal knowledge, speculation) 290:14-291:10: Rule 106 (no personal knowledge, speculation) |
| | 294:14-21 | |

## EXHIBIT IDENTIFICATION

### *Plaintiffs' Exhibit Identification*

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 1 | Product Highlights Chart – Presented to: JAS, Presented on: January, 2009, Category: Promotional, Project: Various Items for Base Deck, Front End or Promotional | | Plaintiffs' counsel advises that Exhibit 1 is Stringer Deposition Exhibit 3. Based on that representation, no objection. |
| 2 | Product Highlights Chart – Presented to: Hancock, Presented on: Feb 17, 2009, Category: Promotional, Project: Various Items for Base Deck, Front End or Promotional | | Plaintiffs' counsel advises that Exhibit 2 is Stringer Deposition Exhibit 4. Based on that representation, no objection. |
| 3 | Magnification Review , Gwen Edward, May 6, 2009 | PRYM 00004532-33 | No objection |
| 4 | CraftVision CraftVision | PRYM 00004437 and PRYM 00004448 | Objection – Incomplete Document |
| 5 | JoAnn fabric and craft stores, Notions Wall – 60' | PRYM 00011122-23 | Objection – Incomplete Document |
| 6 | E-Mail From: Laurie Ciesielczyk, To: Kate Wheeler, Sent: March 10, 2010, Subject: Re Magnification, | PRYM 00011077-80 | Objection – Incomplete Document |
| 7 | E-Mail From: Laurie Ciesielczyk, To: Gwen Edwards, Sent: April 7, 2010, Subject: Re 2010 Set-Magnification.xls, Attachment:[2] 2009-05-28 Notions Wall 2nd Review | PRYM 00011085 | Objection – Incomplete Document; relevance; FRE 403 |

---

[2]     **Plaintiffs' Statement:** Although not Bates numbered, all exhibits where attachments are noted shall include the attachments as part of the exhibit.

    **Defendants' Statement:** All documents, including all e-mail attachments, that were produced by Prym contained Bates identifiers. Excel spreadsheets that were produced by Prym contained a Bates identifier as a place-holder page which directed the reader to an electronic version of the Excel spreadsheet. Defendants object to any attempt by Plaintiffs to introduce any attachment that is not identified in Plaintiffs' exhibit identification with either a Bates identifier or a deposition exhibit identification.

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 8 | E-Mail From: Gwen Edwards, To: Laura Mooney, Sent: April 7, 2010, Subject: FW:2010 Set-Magnification.xls, Attachments: 2009-05-28 Notions Wall 2nd Review | PRYM 00004388 | Objection – Incomplete Document; relevance; FRE 403 |
| 9 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: April 16, 2010, Subject: Meeting w/Ningbo Asian Optical | PRYM 00004415-18 | No objection |
| 10 | E-Mail From: Gwen Edwards, To: Steve Stringer , Sent: May 27, 2010, Subject: FW: Magnification | PRYM 00004545-46 | Objection – Incomplete Document |
| 11 | E-Mail From: Gwen Edwards, To: Cassie Childers, Sent: June 9, 2010, Subject: Re: New Magnification Products, Attachments: Product Listing Program 5-28-10 | PRYM 00004622 | Objection – Incomplete Document |
| 12 | E-Mail From: Gwen Edwards, To: Keith & Kim Bell, Sent: June 14, 2010, Subject: Emailing docs, Attachments: docs | PRYM 00004630, PRYM 00004633 and PRYM 00004632 | Objection – Incomplete Document |
| 13 | E-Mail From: Steve Stringer, To: Simon Castley, Sent: June 23, 2010, Subject: GE-0494 Led Light/Magnifier, Attachments: Vusion Beding | PRYM 00045981-82 | No objection |
| 14 | E-Mail From: N2DZIGN@aol.com, To: Gwen Edwards, Sent: June 24, 2010, Subject: Urgent...For Your Review, Attachments: ErgoHandleMagnifier | PRYM 00006601-03 | No objection |
| 15 | E-Mail From: Steve Stringer, To: sms1220@hotmail.com, Sent: July 1, 2010; Subject: Magnifier Spreadsheet, Attachments: Magnifier Spreadsheet Revised 6-30-10 | PRYM 00048009 | Objection – Incomplete Document |
| 16 | Memo To: Steve Stringer, From Gwen Edwards | PRYM 00006141 | Relevance |
| 17 | E-Mail From: Steve Stringer, To: Lyn, Sent: August 12, 2010, Subject: Re: GE-0500, Attachments: ledglasspatents.pdf | PRYM 00046023-31 | No objection |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 18 | E-Mail From: Steve Stringer, To: Gwen Edwards, Sent August 17, 2010, Subject: Re: magnification | PRYM 00046052-53 | No objection |
| 19 | Memorandum To: Team, From: Laurie Beimborn, Re: Jo-Ann's, August 19, 2010 – Meeting Recap | PRYM 00051379-80 | No objection |
| 20 | E-Mails From: Gwen Edwards, To: Keith & Kim Bell, Sent: August 25, 2010, Subject: Magnification Name Changes, Attachments: Magnification Name Changes doc | PRYM 00004834 and PRYM 00004836 | Objection – Incomplete Document<br><br>Objection - Relevance |
| 21 | E-Mail From: Laurie Beimborn, To: Tammi Hensley, Sent September 20, 2010, Subject: FW: Magnification, Attachments 2010-09-20 2009 and 2010 Set – Magnification | PRYM 00011292-93 | Objection – Incomplete Document |
| 22 | E-Mail From: Laurie Beimborn, To: Gwen Edwards, Sent: September 21, 2010, Subject: Magnification, Attachments: 2010-09-21 2010 Set – Magnification | PRYM 00011295 | Objection – Incomplete Document |
| 23 | Magnifier Sample Review 10-20-10 E-Mail From: Gwen Edwards, To: Steve Stringer, Yvette Juan, Sent: October 21, 2010, Subject: Magnifier Sample Review 10-20-10, Attachment: Magnifier Sample Review 10-20-10 | PRYM 00004921-22 PRYM 00004920 | No objection |
| 24 | E-Mail From: Dale Rogers, Jr., To: Laurie Beimborn, Paul Inskip, Gwen Edwards, Sent: November 1, 2010, Subject: Magnifiers sales, Attachments: Carson Optical Magnifiers FY10 and Rolling Yr. Prym Copy | PRYM 00042988 | Objection – Incomplete Document; relevance; FRE 403 |
| 25 | E-Mail From: Laurie Beimborn, To: Alicia Stull, Dale Rogers, Sent: November 16, 2010, Subject: FW: Lighting/Magnification, Attachments: 2010-11-10 JAS Magnification Presentation | PRYM 00011316-19 | Objection - Relevance |
| 26 | E-Mail From: Laurie Beimborn, To: Gwen Edwards, Sent: November 19, 2010, Subject: Re: Magnifier Update | PRYM 00011342-47 | No objection |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 27 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: December 7, 2010, Subject: Re: Magnification | PRYM 00005051-52 | No objection |
| 28 | E-Mail From Steve Stringer, To: jenry@cnyatai.com; Robert, Sent: December 9, 2010, Subject: New Item Quotes, Attachments: Page Magnifiers without LED, Bendable clamp magnifier #YT80126 | PRYM 00046396, PRYM 00046399 and PRYM 00046400 | Objection – Incomplete Document |
| 29 | E-Mail From: Laurie Beimborn, To: Tammi Hensley, Sent: December 8, 2010, Subject: FW: Magnification Presentation –additional quotes-Dec. 8th, Attachments: Magnification Presentation-additional quotes-December 8th | PRYM 00011369 | Objection – Incomplete Document |
| 30 | E-Mail From: Gwen Edwards, To: Stephen Voyles, Sent: December 10, 2010, Subject: FW: 12-09-2010-magnification forward, Attachments: 12-09-2010-mangification forward | PRYM 00005112 | Objection – Incomplete Document |
| 31 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: December 10, 2010, Subject: Carson Optical Magnifiers FY10 and Rolling Yr. Prym Copy; Attachments: Carson Optical Magnifiers FY10 and Rolling Yr. Prym Copy | PRYM 00005110 | Objection – Incomplete Document; relevance; FRE 403 |
| 32 | E-Mail From: Laurie Beimborn, To: Tammi Hensley, Sent: December 13, 2010, Subject: FW: Magnification finals, Attachments: Magnification finals | PRYM 00011375 | Objection – Incomplete Document; relevance and FRE 403 objections to the extent of the information on PRYM 00011376 under the "Current Carson Info" columns. |
| 33 | E-Mail From: Laurie Beimborn, To: Dale Rogers, Jr., Jennifer Bolon, Sent: December 13, 2010, Subject: Magnification, Attachments: 2010-12-13 Magnification Follow-up from 12-8 meeting | PRYM 00011377 | Objection – Incomplete Document; relevance and FRE 403 objections to the extent of the information on PRYM 00011378 under the "Current Carson Info" columns. |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 34 | E-Mail From: Gwen Edwards, To: Laurie Beimborn, Sent: December 14, 2010, Subject: Re: Magnification new items | PRYM 00005116-17 | No objection |
| 35 | E-Mail from Gwen Edwards, To: Laura Mooney, Sent: December 14, 2010, Subject: 2010-12-08+09 Meeting Recap – Dale Rogers.doc, Attachments: 2010-12-08+09 Meeting Recap – Dale Rogers.doc | PRYM 00005120-21 | No objection |
| 36 | E-Mail From: Lynn[y], To: Steve Stringer, Subject Re: Item 653402(GE-0509) | PRYM 00044228-29 | Objection – Relevance |
| 37 | E-Mail From: Gwen Edwards, To: Laurie Beimborn, Yvette Juan, Subject: New Items | PRYM 00005127 | No objection |
| 38 | E-Mail From: Gwen Edwards, To: Steve Stringer, Subject: Clamp-A-Magnifier photo comparison; Attachments: Clamp a magnifier 003.jpg, Clamp a magnifier 001.jpg, Clamp a magnifier 002.jpg, Clamp a magnifier.jpg | PRYM 00005128-33 | Objection – Relevance |
| 39 | Prym Vendor Quote Sheet, Quote Request Number: GE-0682, Vendor: Ningbo Asian-Pacific Optical Instrument Co., Ltd. | | Plaintiffs' counsel advises that Exhibit 39 is Stringer Deposition Exhibit 28.  Based on that representation, no objection. |
| 40 | Magnifier Update, December 16, 2010 | PRYM 00044322-26 | No objection |
| 41 | E-Mail From: Gwen Edwards, To: Victoria Waller, Sent: December 20, 2010, Subject: Emailing: Page Magnifier, Attachments: PageMagn.jp, ClampMag.jpg | PRYM 00005156-58 | No objection |
| 42 | E-mail From: Gwen Edwards, To: Paul Inskip, Sent: December 21, 2010, Subject: FW: Magnification, Attachments: 2010-12-13 Magnification Follow-up from 12-21 Update.xls | PRYM 00005249-51 | Objection – Incomplete Document; relevance and FRE 403 objections to the extent of the information on PRYM 00005252 under the "Current Carson Info" columns. |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 43 | Prym Purchase Order, Ningbo Asian-Pacific Optical Instrument Co., LTD, PO Number 15364, Dated: December 22, 2010 | PRYM 00051524-29 | No objection |
| 44 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: January 7, 2011, Subject: Magnifiers | PRYM 00005318-19 | No objection |
| 45 | E-Mail From: Gwen Edwards, To: Steve Stringer, Yvette Juan, Subject; FW: Attached Images, Attachments: 0592_001.pdf | PRYM 00007188 | Objection – Incomplete Document |
| 46 | E-Mail From: Lynn[y], To: Steve Stringer, Sent: January 14, 2011, Subject: Additional Information – Urgent | PRYM 00044591-93 | Objection – Relevance |
| 47 | E-Mail From: Lynn Gao, To: Steve Stringer, Sent: January 17, 2011, Subject: Battery Information/Clamps | PRYM 00044633-39 | Objection – Relevance<br><br>Objection – Hearsay to the extent that the document is offered for the truth of the statement |
| 48 | E-Mail From: Steve Stringer, To: Gwen Edwards, Sent: January 21, 2011, Subject: Follow Up | PRYM 00047114-16 | No objection |
| 49 | E-Mail From: Steve Stringer, To: Lynn Gao, Subject: Magnification Strength, Attachments: PRYM Magnifier Review.doc | PRYM 00047883-89 | Objection – Relevance |
| 50 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: February 4, 2011, Subject: Magnification-testing recap, Attachments: Magnific | PRYM 00005535-37 | No objection |
| 51 | E-Mail From: Steve Stringer, To: Steve Stringer, Sent: February 4, 2011, Subject: Magnifiers Lens Testing 1-21-2011, Attachments: Magnifiers Lens testing 1-21-2011.xls | PRYM 00047149 | Objection – Incomplete Document; relevance |
| 52 | Memo to Steve and Margie regarding Magnification—Feb. 2011 | PRYM 00007315-16 | No objection |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 53 | E-Mail From: Steve Stringer, To: Lynn Gao, Sent: February 9, 2011, Subject: Follow Up, Attachments: WMDRtiz_653413_confirmation.pdf, Magnifiers Lens testing 1-21-2011.xls | PRYM 00047154-56 | Objection – Incomplete Document; relevance |
| 54 | Handwritten notes – NAO February 21, 2011 | PRYM 00051421 | No objection |
| 55 | E-Mail From: Lynn Gao, To: Steve Stringer, Sent: February 12, 2011, Subject: Answers | PRYM 00044673-75 | Objection - Relevance |
| 56 | Product Comparison – Magnifiers – quality, magnification and suitability | PRYM 00007961-63 | Objection – Relevance; hearsay to the extent offered for the truth of the statement |
| 57 | Product Comparison- Magnifiers – power and quality | PRYM 00005642-49 | Objection – Relevance; hearsay to the extent offered for the truth of the statement |
| 58 | E-Mail From: Lynn[y], To: Steve Stinger, Sent: February 10, 2011, Subject: Follow Up | PRYM 00044666-70 | Objection - Relevance |
| 59 | E-Mail From: Gwen Edwards, To: Keith and Kim Bell, Sent: May 2, 2011, Attachments: CC Magnifier sell sheet e-mail.pdf | PRYM 00005920-28 | Objection – Relevance |
| 60 | Memorandum, To: Team, From: Laurie Beimborn, Re: Jo-Ann's May 3, 2011-Meeting Recap-Dale Rogers-Misc Follow-up, Purpose: Discuss Pricing and other follow up | PRYM 00051413 | Objection – Relevance |
| 61 | E-Mail From: Yvette Juan, To: Steve Stringer, Sent: May 17, 2011, Subject: Clamp-A-Magnifier 653262 | PRYM 00050016-18 | Objection – Relevance |
| 62 | E-Mail From: Gwen Edwards, To: Paul Inskip, Johan Starrenburg, Steve Stringer, Laura Mooney, Margie King,  Laura Beimborn, Courtney Beckham, Glenn Meier, Lee Fowler, Subject: Batteries | PRYM 00008476-77 | Objection – Relevance |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 63 | E-Mail From: Paul Inskip, To: Steve Stringer, Johan Starrenburg, Laura Mooney, Margie King, Laurie Beimborn, Courtney Beckham, Glenn Meier, Lee Fowler, Gwen Edwards, Joan Goodman, Connie McNeely, Sent: May 21, 2011, Subject: Batteries | PRYM 00050120 | Objection – Incomplete Document; relevance |
| 64 | E-Mail From: Margie King, To: Steve Stringer, Gwen Edwards, Sent: May 17, 2011, Subject: Magnifier #653262,  Attachments: Prym Battery Policy 05-17-2011.doc | PRYM 00008767-69 | Objection – Incomplete Document; relevance |
| 65 | Clamp-A-Magnifier Review June 1, 2011 | PRYM 00051204-07 | Objection – Relevance; hearsay to the extent offered for the truth of the statement |
| 66 | E-Mail From: Gwen Edwards, To: Steve Stringer, Sent: July 21, 2011, Subject: Magnifier Program | PRYM 00006088-96 | Objection – Relevance; hearsay to the extent offered for the truth of the statement |
| 67 | Great Wall Optical Quotation to Steve Stinger from King Chu, dated July 26, 2011 | | Plaintiffs' counsel advises that Exhibit 67 is a Great Wall Optical Product  document dated July 26, 2011, Based on that representation, objection – relevance; authenticity |
| 68 | E-Mail From: Richard Cameron, To: Eric Cates, Sent: February 22, 2011, Subject: Introduction/Inquiry, Attachments: D552645 Handle for a magnifier.pdf, ATT2928647.htm | CAR 001240-42 | Objection – Incomplete Document; object to the extent that the sentence beginning with "it is very unlikely that Prym found. . . . " is offered for the truth, because it is based on speculation |
| 69 | United States Patent: US D552,645 S- October 9, 2007 | CAR 001243-50 | Objection – Incomplete Document unless annexed to Exhibit 68 |
| 70 | E-Mail From: Eric Cates, To: Richard Cameron; Ted Harrison, Sent: January 9, 2012, Subject: Magnification | CAR 001186-88 | No objection |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 71 | E-Mail From: Michelle Hyers, To: Richard Cameron, Sent: July 18, 2011, Subject: Prym Measurement Samples, Attachments: PrymConsumerUSA_Magnifiers.xls | CAR 001220-27 | Objection – Relevance; hearsay; improper lay opinion testimony under FRE 701; lack of foundation; objection to the extent that author of document was never identified by Plaintiffs as an expert witness and the report was not produced in accordance with FRCP 26 |
| 72 | E-Mail From: Richard Cameron, To: Eric Cates, Sent: April 7, 2012, Attachments: photo.JPG, ATT10536018.txt | CAR 001201-02 | Objection – No foundation; lack of authentication; relevance |
| 73 | E-Mail From: Eric Cates, To: Richard Cameron; Ted Harrison, Subject: Joann pic2, Attachments: photo.JPG, ATT1087904.txt | CAR 001161-62 | Objection – No foundation; lack of authentication; relevance |
| 74 | E-Mail From: Eric Cates, To: Richard Cameron, Sent: October 1, 2011, Subject: Joanns, Attachments: photo.JP, ATT2782147.txt | CAR 001044-45 | Objection – No foundation; lack of authentication; relevance |
| 75 | Jo-Ann fabric and craft stores Code of Business Conduct and Ethics, August 12, 2009 | | Plaintiffs' counsel advises that Exhibit 75 is Rogers Deposition Exhibit 29.  Based on that representation, Objection - Relevance |
| 76 | Correspondence from Travis Smith to Vendor attaching Vendor Relationship Guide "VRG" dated January 31, 2010 | JAS-000436-459 | No objection |
| 77 | Accused Magnifier Purchase Receipts through FW21, 2012 | JAS-000434-35 | Objection – Relevance; FRE 403 and 408 |
| 78 | E-Mail From: Gary Meador, To: Richard Cameron, Sent: August 12, 2011, Subject: Jo-Ann contact information | CAR 001745-47 | Objection – Hearsay to the extent that the document is offered for the truth of the statements contained in the document; relevance |
| 79 | Jo-Ann Litigation Hold Policy | JAS-000487-492 | Objection - Relevance |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 80 | Email from Robert Chudakoff to John L. Cordani, Subject Carson v. Prym & Jo-Ann – document production, dated October 24, 2012 | | Objection - Relevance |
| 81 | Prym Consumer USA Magnification New Presentation, revised 12/12/11 | JAS-000207-212 | Objection – FRE 403 and 408; relevance |
| 82 | Prym Consumer USA Presentation by Gwen Edwards | JAS-000029-37 | No objection |
| 83 | JAS Presentation, December 8, 2010 | JAS-000056 | No objection |
| 84 | JoAnn Stores Presentation, December 8, 2010 | JAS-000055 | Objection – Relevance |
| 85 | Mighty Bright – Illuminate | JAS-000005-22 | No objection |
| 86 | Magnifier Presentation, November 3, 2011 | JAS-000199-206 | No objection |
| 87 | Samples of Carson's magnifier products that were being sold to Jo-Ann in 2009-2010 in their packaging | | Objection – This exhibit is not reasonably identified.  Defendants have no objection to the Carson magnifier products properly identified by Defendants in Defendants' exhibit list. |
| 88 | Samples of Prym's Creative Comfort Products purchased in Jo-Ann stores | | Objection – This exhibit is not reasonably identified.  Defendants have no objection to the Prym/Creative Comfort magnifier products properly identified by Defendants in Defendants' exhibit list. |
| 89 | U.S. Pat. No. D495,726, and PTO recorded assignment documents | | No objection |
| 90 | U.S. Pat. No. D563,779, and PTO recorded assignment documents | | No objection |
| 91 | U.S. Pat. No. D508,063, and PTO recorded assignment documents | | No objection |
| 92 | Economic Damages Report, Joseph Scarpa, July 12, 2013 | | Objection – FRE 702 |
| 93 | Exhibit B of the Second Amended Consolidated Complaint | | Objection – FRE 403 |
| 94 | Exhibit D of the Second Amended Consolidated Complaint | | Objection – FRE 403 |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 95 | Exhibit F of the Second Amended Consolidated Complaint | | Objection – FRE 403 |
| 96 | Exhibit G of the Second Amended Consolidated Complaint | | Objection – FRE 403; relevance |
| 97 | Exhibit H of the Second Amended Consolidated Complaint | | Objection – FRE 403 |
| 98 | Exhibit I of the Second Amended Consolidated Complaint | | Objection – FRE 403 |
| 99 | Exhibit J of the Second Amended Consolidated Complaint | | Objection – FRE 403 |
| 100 | Exhibit K of the Second Amended Consolidated Complaint | | Objection – FRE 403; relevance |
| 101 | Prym's responses to Plaintiffs' Interrogatories | | No objection |
| 102 | Jo-Ann's responses to Plaintiffs' Interrogatories | | No objection |
| 103 | E-Mail From: Richard Cameron, To: Scott Holland, Sent: May 12, 2005, Subject: Fw | CAR 000060-61 | Objection – Relevance |
| 104 | Magnification Review CHA Notes, February 8, 2010 | CAR 001577-1582 | No objection |
| 105 | Carson catalogs and advertisements attached to Cameron Declaration, dated August 28, 2013 | | Objection – Authentication; documents not produced during discovery period; hearsay; relevance

No objection to documents Bates stamped JAS 000171 and 000179. |
| 106 | Carson Optical Issued Patent Information | CAR 003436-39 | No objection |
| 107 | Patent License Agreement, signed Feb. 21, 2008 | CAR 000082 | No objection |
| 108 | Email From: Eric Cates, To: Richard Cameron, Sent July 27, 2011, Subject: Joann's | CAR 003288-90 | Objection – Incomplete Document |
| 109 | Patent Assignment and License Agreement, signed August 20, 2012 | CAR 000062-63 | No objection |
| 110 | Cameron Dep. Ex. 40 | | No objection |
| 111 | Cameron Dep. Ex. 42 | | No objection |
| 112 | Cameron Dep. Ex. 43 | | No objection |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 113 | Email From: Leading, To: Scott Holland, Sent: August 3, 2006, Subject: Joann's | CAR 000219-220 | No objection |
| 114 | Email From: Richard Cameron, To: George Thogersen, Sent: Wednesday March 22, 2006, Subject: Product Question re: attach-a-mag T AM-16 | CAR 000186 | No objection |
| 115 | JoAnn Stores – Meeting Report 3/12/08 | CAR 001754-55 | No objection |
| 116 | Email From: Ted Harrison, To: Paul Inskip, Sent: April 3, 2008, Subject: Carson Optical Magnifiers | CAR 001881 | No objection |
| 117 | Email From: Eric Cates, To: Cathy Criscuola, Sent: Aug. 16, 2012, Subject: Carson Optical – Promo Q4 | CAR 001351-53 | Objection – Incomplete Document |
| 118 | Email From: Ted Harrison, To: Eric Cates, Sent: October 30, 2009, Subject: Sew Essentials Inventory of 4 Magnifiers | CAR 001484-86 | No objection |
| 119 | Email From: Eric Cates, To: Ted Harrison, Sent: May 28, 2010, Subject: JoAnn Meeting Followup, Attachments | CAR 001632-35 | Objection – Incomplete Document; Relevance |
| 120 | Email From: Scott Holland, To: Leading – HK, Sent: March 6, 2008, Subject: Patent numbers | CAR 003339-40 | No objection |
| 121 | Email From: Scott Holland, To: Leading – HK, Sent: March 21, 2008, Subject: Patent Numbers and Attachment | CAR 003337-38 | Objection – Hearsay to the extent that the document is offered for the truth of the statements contained in the document |
| 122 | Email From: Cristina McKenzie, To: Richard Cameron, Sent: Jan. 20, 2009 and attachments | CAR 003449-52 | Objection – Hearsay to the extent that the document is offered for the truth of the statements contained in the document |
| 123 | Email From: Eric Cates, To: Stcie Jurczak, Sent: January 17, 2012, Subject: Revised FIS Artwork Confirmation, and attachments | CAR 003215-18 | Objection - Relevance |

| Exhibit | Description | Bates Nos. | Defendants' Position |
|---|---|---|---|
| 124 | Email From: Jim Shuster, To: John Scardera, Sent: Oct. 30, 2008, Subject: CVS – Magnifier Proposal, and attachments | CAR 003271-72 | Objection – Incomplete Document; relevance |
| 125 | Email From: Eric Cates, To: Richard Cameron, Sent: February 8, 2011, Subject: Carson Magnifiers – CHA | CAR 001863-64 | No objection |
| 126 | Email From: Richard Cameron, To: Eric Cates, Sent: Feb. 21, 2011, Subject: Introduction/ Inquiry | CAR 001748-49 | Objection –hearsay to the extent that the sentences which state that "Look what I found. They knew about the patent!" are offered for the truth |
| 127 | Email From: Robert Chudakoff, To: Richard Cameron, Sent: August 24, 2011, Subject: Jo-Ann Stores – Magnifier Patent Issue | | Objection – Relevance |
| 128 | Email From: Ted Harrison, To: Jennifer Bolon, Sent: Nov. 29, 2011, Subject: Carson Optical – drop ship | CAR 001344 | Objection – Relevance |
| 129 | Email From: Eric Cates, To: Richard Cameron, Sent: January 9, 2012, Subject: Magnification | CAR 001186-88 | No objection |

*Defendants' Exhibit Identification*

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 1 | Cameron Deposition Exhibit No. 3 Second Amended Consolidated Complaint, April 3, 2013; Carson v. Prym 2:11-cv-03677 | | |
| 2 | Cameron Deposition Exhibit No. 6 Plaintiffs' First Supplemental FED.R.CIV.P.26(a)(1) Disclosures, September 11, 2012; Carson v. Prym | | **Objection:** The disclosures were supplemented, and Cameron Ex. 6 is not the most recent version of the disclosures in this case. Furthermore, the spreadsheet attached to the exhibit is not part of the disclosures and is simply a document that was produced as part of discovery in this case. Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time). **Objections to Spreadsheet**: Rule 901 (authenticity); Rule 802 (hearsay) |
| 3 | Cameron Deposition Exhibit No. 7 Plaintiff Carson Optical, Inc.'s Response to Prym Consumer USA, Inc.'s First Set of Interrogatories (Nos. 1-6), September 7, 2012 | | Plaintiffs object to the extent that interrogatories are not exhibits, but admissible under the discovery rules. Plaintiffs further object to the extent that Plaintiffs supplement or amend their responses to Defendants' interrogatories. |
| 4 | Cameron Deposition Exhibit No. 8 Plaintiff Carson Optical, Inc.'s Response to Prym Consumer USA, Inc.'s Second Set of Interrogatories (Nos. 7-15), January 7, 2013 | | Plaintiffs object to the extent that interrogatories are not exhibits, but admissible under the discovery rules. Plaintiffs further object to the extent that Plaintiffs supplement or amend their responses to Defendants' interrogatories. |
| 5 | Cameron Deposition Exhibit No. 12 E-Mail From:  Eric Cates To:  Richard Cameron. Sent:  February 8, 2011 attaching 1/26/10  letter from Ted Harrison to Dale Rogers, Subject:  Carson Optical at CHA | CAR 001841 -42 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 6 | Cameron Deposition Exhibit No. 13 E-Mail string between Eric Cates, Richard Cameron and Ted Harrison Sent: February 8, 2010, Subject: JoAnn Presentation | CAR 001465 -66 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 7 | Cameron Deposition Exhibit No. 14 JoAnn fabric and craft stores Magnifier Review CHA Notes, Presented to Dale Rogers, February 8, 2010, by Eric Cates and Ted Harrison | CAR 001577 -82 | Rule 403 (cumulative with 15 since the only difference appears to be with the last page which raises issues that are irrelevant, confusing, and misleading) |
| 8 | Cameron Deposition Exhibit No. 15 JoAnn Fabric and Craft Stores Magnifier Review CHA Notes, Presented to Dale Rogers, February 8, 2010, by Eric Cates and Ted Harrison | CAR 001233 -38 | Rule 403 (cumulative with 14 since the only difference appears to be with the last page which raises issues that are irrelevant, confusing, and misleading) |
| 9 | Cameron Deposition Exhibit No. 16 (*also marked as* Yip Deposition Ex. 17) US Design Patent No.US D656,979 S, dated April 3, 2012 Yip et al, Magnifier | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 10 | Cameron Deposition Exhibit No. 17 US Design Patent No. US D662 957 S, dated July 3, 2012, Stubel, Light Assembly for Magnifier | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 11 | Cameron Deposition Exhibit No. 18 E-Mail from Eric Cates to Richard Cameron, Sent: February 8, 2011, Subject: FW: Carson-CHA follow-up, forwarding E-Mail From: Ted Harrison To: Dale Rogers Sent: March 9, 2010, Subject: CHA follow up | CAR 001409 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 12 | Cameron Deposition Exhibit No. 19 E-Mail From: Eric Cates To: Richard Cameron Sent:  February 8, 2011, Subject:  FW:  Carson Optical New Item-Sewing Machine, Magnifier/Light, forwarding E-Mail from Dale Rogers to Ted Harrison, Cc:  Eric Cates and Kate Wheeler Sent:  April 20, 2010, Subject:  Carson Optical New Item-Sewing Machine Magnifier/Light | CAR 001850-51 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 13 | Cameron Deposition Exhibit No. 20 E-Mail from Eric Cates to Richard Cameron Sent:  February 8, 2011, Subject Carson Optical at JoAnn, Attachments: JoAnn_Dale_Program_Review_2.8. 2010 .ppt forwarding E-Mail From: Ted Harrison To:  Dale Rogers, Sent:  February 16, 2010, Cc:  Kate Wheeler, Eric Cates, Subject:  Carson Optical at JoAnn | CAR 001843 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 14 | Cameron Deposition Exhibit No. 27 (*also marked as* Holland Deposition Ex. 13 and Yip Deposition Ex. 18) Patent License Agreement between Leading Extreme Optimist Industries Ltd. and Carson Optical Inc., dated February 21, 2008 | CAR 000082 | |
| 15 | Cameron Deposition Exhibit No. 28 Report on the Filing or Determination of an Action Regarding a Patent or Trademark filed April 21, 2009 and Exhibits | Prym-PTO 000001-78 | Rule 901 (Authenticity) |
| 16 | Cameron Deposition Exhibit No. 29 (*also marked as* Yip Deposition Ex. 10) US Design Patent No.:  US D583,843 S, dated December 30, 2008 Yip et al., Bottle Indicia Magnifier | | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 17 | Cameron Deposition Exhibit No. 30 Patent Issue Notification and supporting papers; issue date 4/14/09 | Prym – PTO 000079 -137 | Rule 901 (Authenticity) |
| 18 | Cameron Deposition Exhibit No. 31 US Design Patent No.:  US D90,426 S, dated April 14, 2009 Cameron et al. Bottle Indicia Magnifier | | |
| 19 | Cameron Deposition Exhibit No. 32 Patent Issue Notification and supporting papers, issue date 4/20/10 | Prym – PTO 000138 -228 | Rule 901 (Authenticity) |
| 20 | Cameron Deposition Exhibit No. 33 US Design Patent No.:  US D614,219 S, dated April 20, 2010, Yip et al. Linen Tester | | |
| 21 | Cameron Deposition Exhibit No. 34 | | |
| 22 | Cameron Deposition Exhibit No. 35 Radioshack, Boiling Springs SC Receipt for two rimfree magnifiers, purchased 6/27/13 for $21.14 charged to VISA card ending in 2471 | | Rule 901 (Authenticity); Rule 802 (Hearsay); Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time); Rule 1002 (Best Evidence) |
| 23 | Cameron Deposition Exhibit No. 36 E-Mail string between Eric Cates, Richard Cameron, Doug Del Gaudio and Susan Virtuoso, Sent: May 18, 2010 – July 27, 2011, Subject:  Joann's/Joann Samples | CAR 000328 8-90 | |
| 24 | Cameron Deposition Exhibit No. 37 (*also marked as* Holland Deposition Ex. 26) E-Mail string between Ben/Leading MCO, R. Cameron, Irene Sin, Scott Holland, Leading Extreme and Bryn YIP, Sent:  September 16, 2006 – October 11, 2006, Subject: Joann's new items/Joann's | CAR 000214 -217 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 25 | Cameron Deposition Exhibit No. 38 (*also marked as* Scarpa Deposition Ex. 6; Yip Deposition Ex. 41) E-mail string between Eric and Richard Cameron, Sent:  July 30, 2011 – August 1, 2011, Subject: Prym | CAR 001768 -69 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 26 | Cameron Deposition Exhibit No. 39 (*also marked as* Holland Deposition Ex. 9 and Yip Deposition Ex. 19) Patent Assignment and License Agreement effective as of August 17, 2012, between Carson Optical Inc. and Leading Extreme Optimist Industries, Ltd., signed by Richard Cameron and Bryan Yip, August 20, 2012 | CAR 000062 -63 | |
| 27 | Cameron Deposition Exhibit No. 42 Jo-Ann Stores Supply Chain Management, Inc. Domestic Master Vendor Contract, effective March 2, 2004 – March 2, 2014, signed by Richard Cameron 6/8/09, | CAR 000001 -3 | Rule 106 (Rule of Completeness – the full contract with all of its terms should be entered) |
| 28 | Cameron Deposition Exhibit No. 43 Jo-Ann Stores Supply Chain Management, Inc. Domestic Master Vendor Contract, effective 3/1/2004-3/1/2009, signed by Richard Cameron 4/14/04;  E-Mails between George Thogersen and Jenel Boales Sent:  April 15, 2004, Subject:  Master Vendor Contract, Carson Optical | CAR 000004 -8 | Rule 106 (Rule of Completeness – the full contract with all of its terms should be entered) |
| 29 | Cameron Deposition Exhibit No. 44 (*see also marked as* Yip Deposition Ex. 38) E-Mail From:  Scott Holland To:  "Ivy";  "Leading – HK, Cc: Richard Cameron, Sent:  August 3, 2006, Subject:  JoAnn's | CAR 000254 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 30 | Cameron Deposition Exhibit No. 45 E-Mail From: Leading, To: Scott Holland, Cc: Leading, Sent: August 3, 2006, Subject: JoAnn's; E-Mail From: Scott Holland To: "Ivy"; "Leading-HK", Cc: Richard Cameron, Sent: August 3, 2006, Subject: JoAnn's; E-Mail From: Irene Sin, To: "Ben/Leading-MCO", Leading Extreme, Cc Scott Holland, Sent: March 6, 2007, Subject: new PO #3982-JoAnn's, Attachments: Purchase Order Reports. snp | CAR 000219 -222 | |
| 31 | Cameron Deposition Exhibit No. 46 E-Mail string between Scott Holland, Richard Cameron, Leading, Ivy and Leading-HK, Sent: August 3, 2006, Subject: JoAnn's | CAR 000291 -92 | |
| 32 | Cameron Deposition Exhibit No. 51 JoAnn's Stores - Meeting Report March 12, 2008 | CAR 001754 -55 | |
| 33 | Cameron Deposition Exhibit No. 55 E-Mail string between Irene Sin, Richard Cameron, Scott Holland, Eric Cates, Allison Pawlak, Anil Singh, Cherilyn Holland, Cristina Mckenzie, Doug DelGaudio, Mel Gu, Pamela Hulbert, Susan Virtuoso and Tim Faust Sent: May 14, 2009-May 15, 2009, Subject: MV-23 & SG-10 | CAR 000109 -110 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 34 | Cameron Deposition Exhibit No. 56 E-Mails between Eric Cates, Richard Cameron, Ted Harrison, Dale Rogers and harnich@cs.com, Cc: ecates@corsonoptical.com, Kate Wheeler and Scott Hoertz, Sent: September 3, 2009, Subject: Carson Optical - Promo Q4 | CAR 001125 -26 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 35 | Cameron Deposition Exhibit No. 57 E-Mail string between Eric Cates, Cathy Criscuola, Ted Harrison, Dale Rogers, harnich@cs.com, Cc: ecates@corsonoptical.com, Kate Wheeler and Scott Hoertz, Sent: September 3, 2009 – September 8, 2003, forwarded August 16, 2012, Subject: Carson Optical – Promo Q4, Attachments: JoAnn Store Survey 23.12.09.jpg | CAR 001351 -53 | |
| 36 | Cameron Deposition Exhibit No. 63 Carson Meeting Report Dated: May 26, 2010 | CAR 001852 -55 | |
| 37 | Cameron Deposition Exhibit No. 65 E-Mails between Leading – MCO and Richard Cameron Cc: IP Bryan and Leading – HK, Sent: January 7, 2005 – January 8, 2005, Subject: Jo-Ann's | CAR 001449 | |
| 38 | Cameron Deposition Exhibit No. 66 E-Mail From: Yi Mine Sin To: Ben/Leading – MCO, Leading, Cc: Scott Holland, Richard Cameron, Sent: March 25, 2005, Subject: DISREGARD: New Order (Joann's) forwarding E-Mail From: Yi Mine Sin To: Ben/Leading – MCO; Leading, Cc: Scott Holland, Sent: March 25, 2005, Subject: New Order (Joann's) | CAR 000283 -284 | |
| 39 | Cameron Deposition Exhibit No. 67 E-Mail From: Richard Cameron To: Scott Holland and Yi Mine Sin Sent: August 28, 2006, Subject: Jo Ann stores, forwarding E-Mail From: George Thogersen To: Richard Cameron, Sent: August 28, 2006, Subject: Jo Ann stores | CAR 000286 -87 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 40 | Cameron Deposition Exhibit No. 71 E-Mail string between Scott Holland Leading – HK, Richard Cameron, Fanny, leading@macau.ctm.net, Bryan Yip and Jennifer, Sent:  March 4, 2008 – March 6, 2008, Subject:  Patent Numbers | CAR 003339 -40 | |
| 41 | Cameron Deposition Exhibit No. 72 E-Mails between Scott Holland, Richard Cameron, Leading – HK and Jennifer, Attn.:  Bryan Yip, Sent:  March 4, 2008 – March 7, 2008, Subject:  Patent Numbers | CAR 003335 -36 | |
| 42 | Cameron Deposition Exhibit No. 76 E-Mail string between Eric Cates, Stacie Jurczak, Scott Holland, sammi.fong@yfyjupiter.com, Mark Isenhart, Judith Xu Chapman, cher.law@yfyjupiter.com, helly.chan@yfyjupiter.com, terence.yim@yfyjupiter.com, Austin Lohmann, Richard Cameron, Stacie Jurczak, Sent: January 15, 2012 – January 17, 2012, Subject:   Revised FIS Artwork Confirmation: M11_1110071 Magnifier SKU List_Carson_ARTM;  FIS Artwork Confirmation & Color Key Distribution:  M11_1110071 Magnifier SKU List_Carson_ARTM 2/2(Part I of II),  Attachments:  1.16.12.zip; M11_1110071 Magnifier SKU List_Carson_updated 1.13.12.xls | CAR 003215 -19 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 43 | Cameron Deposition Exhibit No. 85 E-Mail from Eric Cates to Richard Cameron, Sent:  February 8, 2011, Subject:  Carson Magnifiers – CHA forwarding E-Mail From:  Dale Rogers Jr., To:  harnich@cs.com, Cc:  Eric Cates, Jennifer Bolon, Scott Hertz, Jessica Mason, Charlene Schultz, Megan Mihocik, Sent:  February 8, 2011, Subject:  Carson Magnifiers – CHA | CAR 001863 -1864 | Rule 802 (hearsay) |
| 44 | Cameron Deposition Exhibit No. 88 E-Mails between Ben/Leading MCO, Richard Cameron, Leading – HK, Cc:  by338888@yahoo.com.hk, Sent:  July 26, 2011, Subject:  Prym | CAR 001809 | |
| 45 | Cameron Deposition Exhibit No. 89 E-Mail string between Ben/Leading MCO, Richard Cameron, Leading – HK, by 338888@yahoo.com.hk, Sent:  July 26, 2011, Subject:  Prym | CAR 001810 -11 | |
| 46 | Cameron Deposition Exhibit No. 90 (*also marked as* Yip Deposition Ex. 35) E-Mail From:  Richard Cameron To:  Eric Cates Cc:  Richard Cameron, Sent:  February 21, 2011, Subject:  Introduction/Inquiry, forwarding E-Mail From:  Ben, To:  Richard Cameron, Cc:  Scott Holland, Leading, Bryan Yip, Sent:  October 10, 2010, Subject:  Introduction/Inquiry forwarding E-Mails between Ben, Steve Stringer, Leading, Bryan Yip, leading@macau.ctm.net, info@leading.com.hk Sent:  October 7, 2010 – October 11, 2010, Subject:  Introduction/Inquiry | CAR 001748 -49 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 47 | Cameron Deposition Exhibit No. 92 E-Mail string between Eric Cates, Richard Cameron, Ted Harrison, Edmund D. Harrison, Sent:  March 12, 2008, February 8, 2011 – February 9, 2011, Subject:  JoAnns Meeting, Attachment:  Prym card. pdf | CAR 001800 -1802 | |
| 48 | Cameron Deposition Exhibit No. 93 Carson SureGrip magnifier and packaging (UPC 7 50668 00150 4) (copyright 2011) | | |
| 49 | Cameron Deposition Exhibit No. 94 E-mail From:  Eric Cates To:  Richard Cameron and Ted Harrison, Sent:  October 26, 2011, Subject:  JoAnn's Presentation, Attachment:  JoAnn's_Presentation_ | CAR 001034 -43 | |
| 50 | Cameron Dep. Ex. No. 95 Series of e-mails dated 9/7/11 - 9/16/11 between Robert Chudakoff and John Horvack re: Carson/Prym/Jo-Ann's | | |
| 51 | Cameron Dep. Ex. No. 98 E-mail dated 10/25/11from Edmund D. Harrison to Richard Cameron, cc: Eric Cates  re: JoAnns | CAR 001569 | |
| 52 | Cameron Dep. Ex. No. 99 E-mail dated 11/29/11 from Ted Harrison to Jennifer Bolon, cc: Eric Cates re: Carson Optical- drop ship | CAR 001344 | |
| 53 | Cameron Dep. Ex. No. 100 (*also marked as* Rogers Deposition Ex. 24 and Bolon Deposition Ex. 18) Series of e-mails dated 12/22/11 and 1/9/12 between Eric Cates, Richard Cameron, Ted Harrison, Jennifer Bolon and Sharon Church re: Magnification | CAR 001186 - 88 | Rule 802 (hearsay) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 54 | Cameron Dep. Ex. No. 102 Prym/Creative Comfort Ergonomic Hand Magnifier and packaging (UPC 0 72879 27160 7) | | |
| 55 | Cameron Dep. Ex. No. 104 (*also marked as* Holland Deposition Ex. 18) Jo-Ann Stores, Inc. SEC Form 10-K for fiscal year ended 1/29/11 | | Rule 802 (hearsay); Rule 901 (Authenticity) |
| 56 | Yip Dep. Ex. No. 1 (*also marked as* Holland Deposition Ex. 12) U.S. Pat. No. D495,726 S | | |
| 57 | Yip Deposition Exhibit No. 1-A U.S. Pat. No. D495,726 S | CAR 000083 - 88 | Rule 802 (hearsay); Rule 901 (Authenticity) |
| 58 | Yip Deposition Exhibit No. 2 Report on the Filing or Determination of an Action Regarding a Patent or Trademark | Prym-PTO 0001-0052 | Rule 901 (Authenticity) |
| 59 | Yip Dep. Ex. No. 4 (*also marked as* Holland Deposition Ex. 7) U.S. Pat. No. D508,063 S | | |
| 60 | Yip Dep. Ex. No. 5 Report on the Filing or Determination of an Action Regarding a Patent or Trademark | Prym-PTO 0053-0116 | Rule 901 (Authenticity) |
| 61 | Yip Dep. Ex. No. 6 USPTO Assignments on the Web – Patent Query (Patent Assignment Abstract of Title) | | |
| 62 | Yip Dep. Ex. No. 7 (*also marked as* Holland Deposition Ex. 11) U.S. Pat. No. D563,779 S | | |
| 63 | Yip Dep. Ex. No. 8 Report on the Filing or Determination of an Action Regarding a Patent or Trademark | Prym-PTO 0117-0187 | Rule 901 (Authenticity) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 64 | Yip Dep. Ex. No. 9<br>U.S. Pat. No. D501,665 S | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 65 | Yip Dep. Ex. No. 11<br>Report on the Filing or Determination of an Action Regarding a Patent or Trademark | Prym-PTO 0188-0265 | Rule 901 (Authenticity) |
| 66 | Yip Dep. Ex. No. 12<br>U.S. Pat. No. D614,219 S | | |
| 67 | Yip Deposition Exhibit No. 13<br>USPTO Issue of Notification | Prym-PTO 0266-0356 | Rule 901 (Authenticity) |
| 68 | Yip Dep. Ex. No. 14<br>USPTO Assignments on the Web – Patent Query<br>(Patent Assignment Abstract of Title) | | Rule 901 (Authenticity) |
| 69 | Yip Dep. Ex. No. 15<br>U.S. Pat. No. D597,114 S | | |
| 70 | Yip Deposition Exhibit No. 16<br>U.S. Pat. No. D656,172 S | | |
| 71 | Yip Dep. Ex. No. 19-C<br>Carson Purchase Order # 2558 dated 9/11/02 | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time); Rule 901 (Authenticity) |
| 72 | Yip Dep. Ex. No. 20<br>Google e-mail dated 12/18/07 - 12/19/07 between Leading- HK, Bryan Yip, Fanny, Scott Holland and Ben Mui re: Patent information | CAR 003371 - 72 | |
| 73 | Yip Dep. Ex. No. 21<br>E-mail dated 2/7/08 from Irene Sin to Scott Holland, Bryan Yip and Ben Mui re: New PO #4257 | CAR 003353 -55 | |
| 74 | Yip Dep. Ex. No. 22<br>E-mail dated 7/17/08 -7/18/08 between Ben Mui, Irene Sin, Leading HK, Bryan Yip and Scott Holland re: PO#4379 | CAR 003346 - 48 | |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 75 | Yip Dep. Ex. No. 23<br>Google e-mail dated 4/25/08 between Richard Cameron, Leading HK, Scott Holland, Ben Mui and Irene Sin re: New orders from Radio Shack | CAR 003341 - 42 | |
| 76 | Yip Dep. Ex. No. 24<br>(*also marked as* Holland Deposition Ex. 21)<br>E-mail dated 3/4/08 -3/6/08 between Scott Holland, Leading HK and Richard Cameron cc: Fanny and Bryan Yip re: Patent numbers | CAR 003339 - 40 | |
| 77 | Yip Dep. Ex. No. 37<br>Series of e-mails dated 9/16/06 – 10/11/06 between Irene Sin, Scott Holland, Ben Mui, Richard Cameron, Yi Mine Sin, Leading Extreme, Bryan Yip, Leading HK re: Joann's new items | CAR 000274 -277 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 78 | Scarpa Dep. Ex. No. 1<br>Economic Damages Report dated 5/3/13 | | Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time): Mr. Scarpa's report was revised, and Scarpa Ex. 1 would be unnecessarily cumulative of Scarpa Ex. 2. |
| 79 | Scarpa Dep. Ex. No. 2<br>Economic Damages Report (revised) dated 7/12/13 | | |
| 80 | Scarpa Dep. Ex. No. 3<br>Series of e-mails dated 3/5/08 - 3/6/08 between Scott Holland, Leading-HK and Richard Cameron, cc: Fanny and Bryan Yip re: Patent numbers | CAR 003339 | |
| 81 | Holland Dep. Ex. No. 4<br>Carson Rimfree Magnifier and packaging (UPC 7 50668 00445 1) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 82 | Holland Dep. Ex. No. 5<br>Carson SureGrip magnifier and packaging (UPC 7 50668 00150 4) (copyright 2009) | | |
| 83 | Holland Dep. Ex. No. 10<br>Pick Ticket (Carson) Order # 74795 dated 4/30/04 | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time); Rule 901 (Authenticity); Rule 802 (Hearsay) |
| 84 | Holland Dep. Ex. No. 14<br>Carson Rimfree Magnifier and packaging – chrome handle (UPC X000G25PRL) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 85 | Holland Dep. Ex. No. 15<br>Restoration Hardware Invoice # 157841 dated 8/1/7/11 | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time); Rule 901 (Authenticity); Rule 802 (Hearsay) |
| 86 | Holland Dep. Ex. No. 16<br>Page from Carson catalog; New for 2003 Rimfree, SureGrip and Magniflip Magnifiers | | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time); Foundation |
| 87 | Holland Dep. Ex. No. 17<br>Series of e-mails dated 8/3/06 - 8/4/06 between Ben Mui, Bryan Yip, Scott Holland, Ivy, Leading-HK and cc: Richard Cameron re: JoAnn's | CAR 000203 -204 | |
| 88 | Holland Dep. Ex. No. 20<br>E-mail dated 10/16/06 from Irene Sin to George Thogersen forwarding e-mail and pictures from Ben Mui and Bryan Yip to Yi Mine Sin re: Joann's new items from leading | CAR 000293 -297 | Rule 401 (Relevancy); Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 89 | Holland Dep. Ex. No. 24<br>Rimfree Magnifier and black Radio Shack packaging<br>(UPC 0 40293 01174 1) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |
| 90 | Holland Dep. Ex. No. 25<br>Rimfree Magnifier and orange/red Radio Shack packaging<br>(UPC 0 40293 01174 1) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 91 | Holland Dep. Ex. No. 27 Series of e-mails dated 3/21/06- 3/22/06 between Richard Cameron, George Thogersen, Scott Holland, Arlene LaRosa and Barbara Thornton re: Product Question re: Attach-A-MagT AM-16 | CAR 000186 | Rule 802 (hearsay); Rule 901 (Authenticity) |
| 92 | Holland Dep. Ex. No. 29 E-mails dated 2/7/08 and 2/13/08 between Ben/Leading-MCO and Irene Sin, cc: Leading-HK ,Bryan Yip and Scott Holland re: New PO # 4259, attachments: Carson PO 4259 | CAR 00135- 136 | |
| 93 | Edwards Dep. Ex. No. 4 Magnification Review dated 5/6/09 | PRYM 000045 32 - 4533 | |
| 94 | Edwards Dep. Ex. No. 10 Series of e-mails dated 5/18/10 - 5/27/10 between Gwen Edwards and Steve Stringer re: Magnification | PRYM 000045 45 - 4546 | |
| 95 | Edwards Dep. Ex. No. 14 Series of e-mails dated 8/11/10 – 8/17/10 between Gwen Edwards and Steve Stringer re: Magnification | PRYM 000460 52 - 46053 | |
| 96 | Edwards Dep. Ex. No. 18 Series of e-mails dated 11/14/10 and 11/19/10 between Laurie Beimborn, Gwen Edwards and Steve Stringer, cc: Yvette Juan re: Magnifier Update | PRYM 000113 42- 11347 | |
| 97 | Edwards Dep. Ex. No. 25 E-mail dated 12/15/10 from Gwen Edwards to Laurie Beimborn and Yvette Juan, cc: Steve Stringer and Brian Byars re: New items | PRYM 000051 27 | |
| 98 | Edwards Dep. Ex. No. 39 Carson ATTACH-A-MAG (AM- 16) and packaging (UPC 7 50668 00453 6) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| 99 | Edwards Dep. Ex. No. 41 Prym/Creative Comfort LED Soft Grip Hand Magnifier and packaging (UPC 0 72879 27014 3) | | |
| 100 | Rogers Deposition Exhibit No. 28 Jo-Ann Vendor Relationship Guide | | |
| 101 | Robert Anders Expert Report dated June 28, 2013, excluding Part B and all exhibits thereto (each of the tables, charts, photographs, diagrams, and exhibits in the Anders expert report, to the extent necessary, will be marked separately as sub-exhibits) | | Rule 702; *Daubert*; Rule 403 (as discussed above) |
| 102 | Robert Wallace Expert Report dated June 26, 2013 (each of the tables, charts, photographs, diagrams, and exhibits in the Wallace expert report, to the extent necessary, will be marked separately as sub-exhibits) | | Rule 702; *Daubert*; Rule 403 (as discussed above) |
| 103 | Mark Warshavsky Expert Witness Rebuttal Report dated June 28, 2013 (each of the tables, charts, photographs, diagrams, and exhibits in the Warshavsky expert witness rebuttal report, to the extent necessary, will be marked separately as sub-exhibits) | | Rule 702; *Daubert*; Rule 403 (as discussed above) |
| 104 | Mark Warshavsky Expert Witness Report dated June 28, 2013 (each of the tables, charts, photographs, diagrams, and exhibits in the Warshavsky expert witness report, to the extent necessary, will be marked separately as sub-exhibits) | | Rule 702; *Daubert*; Rule 403 (as discussed above) |

| Exhibit No. | Reference/Description | Bates No. | Plaintiffs' Position |
|---|---|---|---|
| **105** | Mark Warshavsky Amended Expert Witness Report dated August 19, 2013 (each of the tables, charts, photographs, diagrams, and exhibits in the Warshavsky amended expert witness report, to the extent necessary, will be marked separately as sub-exhibits) | | Rule 702; *Daubert*; Rule 403 (as discussed above) |
| **106** | Prym/Creative Comfort Clamp-A-Magnifier and packaging product no. 653262 (UPC 0 72879 27395 3) | | |
| **107** | Carson's Attach-A-Mag magnifier product no. AM-20 and packaging (UPC 7 50668 00698 1) | | Rule 901 (authenticity); foundation; Rule 403 (undue prejudice, confusing the issues, confusing the issues, misleading the jury, and wasting time): if not marked with patent numbers |