# RIVKIN RADLER
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

**MICHAEL C. CANNATA**
(516) 357-3233
michael.cannata@rivkin.com

October 22, 2014

**VIA ECF AND REGULAR MAIL**

Hon. Arlene R. Lindsay
U.S. District Court, Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

>     Re:   *Carson Optical, Inc. and Leading Extreme Optimist Industries Ltd. v.*
>           *Prym Consumer USA, Inc. and Jo-Ann Stores, Inc. (n/k/a Jo-Ann Stores, LLC)*
>           Civil Action No.: 11-cv-03677 (ARL)
>           RR File No.: 007387-00001

Dear Magistrate Judge Lindsay:

This Firm represents Prym Consumer USA, Inc. ("Prym") in the above-referenced consolidated action. Please allow this letter to serve as the response of Prym and Jo-Ann Stores, LLC (collectively "Defendants") to the:

(i)   letter dated October 21, 2014 filed by Plaintiffs Carson Optical, Inc. and Leading Extreme Optimist Industries (collectively "Plaintiffs") (D.E. 128); and

(ii)  resulting Court Order dated October 22, 2014.

In short, the Order: (1) grants a stay regarding adjudication of the Defendants' pending motions for summary judgment; and (2) directs the parties to file a stipulation of discontinuance or stipulation of settlement. Such Order is based upon the representation of *the parties* that "the case is settled in principle...."

The *parties* did not make this representation to the Court - - only *Plaintiffs* did. Neither Prym nor Jo-Ann authorized the statement made in Plaintiffs' letter dated October 21, 2014 that "the parties reached an agreement on the material terms of settlement for this case."

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



By way of background, prior to the filing of Plaintiffs' October 21, 2014 letter, all parties agreed on the form of a joint letter to the Court, which provided that:

> *…the parties are in the process of negotiating a settlement of this matter.* Should the parties fail to consummate a settlement that results in the dismissal of this action, with prejudice, the parties will advise the Court and request that the Court adjudicate the pending motions for summary judgment.

*See* Exhibit "A" attached hereto (emphasis added).

With respect to this draft of the joint letter, Plaintiffs advised on the evening of October 20, 2014 that the draft "…is good with [Plaintiffs]; please file as soon as possible." *See* Exhibit "B" attached hereto at p. 1. But the next morning, before Prym was able to file the joint letter with the Court, Plaintiffs withdrew their approval of the joint letter and advised that:

> …[w]e have some revisions to the proposed letter. Please see attached before filing. Additionally, if the letter is not filed by 4:30pm today, we will be filing our own letter unilaterally with the same substance as the attached.

*See* Exhibit "C" at p. 1.

Significantly, Plaintiffs' revisions changed the representation that "…the parties are in the process of negotiating a settlement" to a representation that "the parties reached an agreement on the material terms of settlement." *See* Exhibit "C" at p. 5. Recognizing the importance of this revision, and the uncertainty of complying with Plaintiffs' deadline, Prym immediately responded that:

> …your proposed changes need to be reviewed not only by counsel, but also by our respective clients. Whether that can be accomplished prior to your deadline of 4:30pm today is unknown. We will have comments to you as soon as we are able. We do not believe that it is necessary, or appropriate, to inconvenience the Court with multiple submissions on this issue. However, to the extent that you wish to proceed with your own, unilateral submission, kindly attach to that submission: (1) this e-mail; and (2) the draft of the letter that you previously authorized us to file with the Court. Thereafter, we will, if necessary, file our own submission with the Court.

*See* Exhibit "D" at p. 1.



But Plaintiffs, nonetheless, proceeded with their unilateral submission and, further, refused to acknowledge, and did not comply with, Prym's request to include the documents that reflect the true and accurate exchanges between the parties and the status of settlement discussions.

While Defendants are disappointed with Plaintiffs' failure to advise the Court of the foregoing critical exchanges, Defendants will, nonetheless, continue efforts to conclude a settlement of this action. But, in litigation between competitors such as this, where there are claims of infringement of multiple patents and trade dress violations, any final settlement will likely include matters that the parties have not yet addressed, let alone agreed upon.

In the interim, Defendants do not object to the issuance of a stay for the reasons outlined above. Defendants request, however, that the Court vacate that portion of its Order that directs the filing of a stipulation of discontinuance or stipulation of settlement, and substitute the provision upon which all the parties originally agreed, that is:

> Should the parties fail to consummate a settlement that results in the dismissal of this action, with prejudice, the parties will advise the Court and request that the Court adjudicate the pending motions for summary judgment.

We thank the Court for its consideration.

Respectfully submitted,

RIVKIN RADLER LLP

Michael C. Cannata

cc: All counsel (via ECF)

3065098 v2